462 A.2d 259

COMMONWEALTH of Pennsylvania

v.

Thomas E. UNGER, Appellant.

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed June 24, 1983.

David Kostka James, III, Gettysburg, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Commonwealth, appellee.

Before CERCONE, P.J., and CIRILLO, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court, in vacating his original sentence and imposing a longer minimum, placed him in double jeopardy. We find this contention without merit and, accordingly, affirm.

On November 25, 1981, appellant pled guilty to criminal trespass. Sentencing was postponed to January 14, 1982, pending a pre-sentence investigation. At sentencing, the

lower court imposed a sentence of six months-to-five years. After the court explained the sentence and appellant's rights, the Commonwealth asked the court to reconsider the sentence in light of a letter written by appellant the previous July, in which he threatened the prosecuting officer. Thereafter, the court vacated its pronounced sentence, and resentenced appellant to two-and-one-half-to-five years imprisonment. Appellant filed a motion for reconsideration of sentence that was not acted upon by the court. This appeal followed.

■■■■ Appellant alleges that he was twice placed in jeopardy because of the modification of sentence. We disagree. "[O]ral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence." *Commonwealth v. Foster*, 229 Pa. Superior Ct. 269, 271, 324 A.2d 538, 539 (1974). In addition, an "initial oral pronouncement of sentence ... [is] not a 'sentence imposed' for purposes of double jeopardy." *Commonwealth v. Hodge*, 246 Pa. Superior Ct. 71, 81, 369 A.2d 815, 820 (1977). A violation of the double jeopardy clause occurs if the sentence is increased *after* the defendant has begun serving it. *Commonwealth v. Allen*, 443 Pa. 96, 104, 277 A.2d 803, 806 (1971) (emphasis added).

■■■■ Here, the court orally sentenced appellant and advised him of his post-sentence rights. Immediately thereafter, the District Attorney expressed his dissatisfaction with the sentence and showed the lower court a letter written by appellant strongly threatening the prosecuting officer. The court then called appellant back to the bench, vacated the original pronouncement, and imposed the longer minimum term.[1] Only the second sentence was entered into the record and signed by the court. Not only was the lower

---

1. The Commonwealth maintains that the time between the two pronouncements of sentence was less than 15 minutes.

court's original sentence oral, but appellant had not yet left the courtroom to begin serving his sentence.[2]

We cannot say, therefore, that the initial sentence was actually "imposed" and, accordingly, find that the lower court's resentencing did not place appellant in double jeopardy.

Affirmed.

---

2. Appellant's reliance on *Commonwealth v. Davy*, 218 Pa. Superior Ct. 355, 280 A.2d 407 (1971) and *Commonwealth v. Jackson*, 218 Pa. Superior Ct. 357, 280 A.2d 422 (1971), is misplaced. In *Davy* the defendant received a two-year suspended sentence and was placed on probation. Nine months later, after a probation violation, he was resentenced to two consecutive terms of one-to-two years. The resentencing was improper because the defendant had already begun serving the lesser sentence, and increasing the sentence punished him twice for the same offense. In *Jackson*, the court imposed a five-year probation and ordered restitution to an assault and battery victim. Some time later after new counsel informed the court that it could not order restitution in an assault case, the court vacated the original sentence, and imposed an increased sentence of eleven-and-one-half-to-twenty-three months. In *Jackson* and *Davy*, in contrast to the instant case, the defendant had already begun to serve a sentence that clearly had been "imposed" by the court.