483 A.2d 963

**COMMONWEALTH of Pennsylvania**

v.

**Roy L. JANNENGA, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Nov. 2, 1984.

Roy L. Jannenga, appellant, in propria persona.

Clyde W. Vedder, Assistant District Attorney, York, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

On August 29, 1981 the Appellant was issued a citation for violation of section 3362(a)(2) of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. § 3362(a)(2), a summary offense. Appellant pleaded not guilty and was convicted on October 1, 1981 by a district justice. Appellant then filed a timely de novo appeal of the summary conviction with the court of common pleas, but was again convicted on April 7, 1982. The trial court set a fine of $41.00 plus costs, but deferred sentencing pending post-trial motions. On April 14, 1982 Appellant filed a motion to have pre-trial motions heard which in effect constituted post-trial motions.

Nothing further happened in the case until September 1, 1983 when Appellant filed a motion to dismiss the charges against him because the proceedings in the case had not been completed within two years. On September 16, 1983 the trial court filed an opinion and order dismissing Appellant's motions of April 14, 1982 and September 1, 1983, and sentenced Appellant to a fine of $41.00 plus costs. However, the trial court did not address in its opinion the specific issue raised by Appellant in his September 1, 1983 motion to dismiss.

A hearing was held on September 26, 1983 at which time Appellant asked the court why his case had not been resolved within two years from the date of the offense. The trial court responded that the delay was caused by the court, not by the Commonwealth, and thus entered another order dismissing Appellant's September 1, 1983 motion to dismiss, which it had apparently already dismissed by its September 16, 1983 order. Appellant then filed this timely appeal from the judgment of sentence imposed by the trial court on September 16, 1983.

Appellant raises several issues before this Court, however, our disposition of the instant appeal rests solely on our resolution of the following issue simply stated by Appellant: Was the court in error in holding proceedings subsequent to two years after the commission of the offense? We find the answer to be yes, and accordingly vacate the judgment of sentence and discharge Appellant.

The statute relevant to the instant appeal is found at 42 Pa.C.S. § 5553, the section of the Pennsylvania Judicial Code which provides the limitation periods for summary offenses under Title 75 of the Pennsylvania Consolidated Statutes, or the Pennsylvania Motor Vehicle Code. Subsections (a) and (b) under section 5553 set forth the time periods within which summary proceedings must be commenced. Subsection (c) provides a limited exception to those time periods in case of reasonable mistake in the identity of the offender. Subsection (d) merely provides that overtime parking violations are governed by local ordinances. Finally, subsection (e) provides that no proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense. It is the latter provision that Appellant claims was violated in the instant case.

A review of the reported case law in this Commonwealth reveals only one case in which the specific argument raised by Appellant is discussed. In *Lewis v. Commonwealth*, 73 Pa.Cmwlth. 607, 458 A.2d 1053 (1983), the defendant's driver's license was suspended in connection with a motor

vehicle violation. Defendant alleged that the suspension proceedings had not been completed within two years and that the Department of Transportation was accordingly barred from suspending his license by section 5553(e). The case offers us little or no guidance, however, since the Commonwealth Court did not reach the merits of the argument but rather found that section 5553(e) was applicable only to criminal proceedings and not to license suspension proceedings which that court has found to be essentially civil in nature. Thus, this case presents an issue of first impression in the Commonwealth.

The Commonwealth argues in its brief that the two year limitation period prescribed by section 5553(e) was meant merely to be a limitation on the commencement of summary proceedings under Title 75, and should not be interpreted as urged by Appellant. We simply cannot agree with the Commonwealth's position.

A close reading of section 5553 reveals that the legislature has enacted a comprehensive scheme of limitation periods for summary motor vehicle offenses. Subsections (a), (b) and (c) clearly set forth specific mandatory time periods in which an action must be commenced. This was recognized by this Court in *Commonwealth v. Matthews,* 286 Pa.Super. 474, 429 A.2d 37 (1981). In *Matthews,* the trial court had found that the limitation periods set forth in subsection (b) and (c) were merely "directory" and that the only "mandatory" limitation on commencement was the two year period under subsection (e). This Court rejected such a view because to so hold would render the language of subsections (b) and (c) mere surplussage. Thus, this Court rejected the notion the subsection (e) is a limitation on commencement. Were we to adopt the Commonwealth's argument in the instant case, it would render the language of subsection (e) meaningless.

A reading of subsection (e) clearly shows that it does not pertain to the commencement of proceedings, but rather their completion. Subsection (e) is susceptible of no other interpretation than that any summary proceedings

initiated under Title 75 must be disposed of at the trial level within two years or not at all. In addition, to treat the two year period as merely a limitation on commencement would violate the perceived legislative intent behind the provision which is to ensure the timely resolution of minor vehicle offenses. In the instant case, the proceedings against Appellant had to commence within fifteen days and be completed within two years. The former limitation was met, the latter was not.

■ The record reveals that on April 7, 1982 the trial court deferred imposition of sentence pending post-verdict motions, which we have found were filed by Appellant on April 14, 1982. Appellant was not sentenced until September 16, 1983, more than two years after the commission of the offense. The only activity in the case after April 14, 1982 until the date of sentencing was the filing of Appellant's motion to dismiss on September 1, 1983. The explanation for the delay was given at the September 26, 1983 hearing as being court related with the trial court even implying that Appellant's pro se representation contributed to the problem. Our review of the record shows that Appellant in no way did anything to cause the delay in his sentencing, and indeed complied with all procedural requirements. Whatever the reason for the delay, the fact remains that the trial court failed to complete the proceedings against Appellant within two years of the offense, thus violating section 5553(e). In *Commonwealth v. Matthews, supra,* we required no less than strict adherence to the mandatory limitation periods under section 5553(b) and (c). We require no less here.

The only just remedy in the instant case is to vacate the judgment of sentence and discharge the Appellant. This is not an unusual remedy. This Court has mandated discharge in cases involving a violation of subsections (b) and (c) under section 5553, when the Commonwealth failed to commence proceedings within the prescribed period of time. *See Commonwealth v. Larson,* 299 Pa.Super. 252, 445 A.2d 550 (1982); *Commonwealth v. Matthews, supra.* Based on

82

the foregoing reasons, the judgment of sentence is vacated and the Appellant is discharged.

Judgment of Sentence vacated. Appellant discharged.