538 A.2d 1336

COMMONWEALTH of Pennsylvania

v.

Daniel STOVER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 16, 1987.

Filed March 11, 1988.

Richard J. Orloski, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Com. appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

McEWEN, Judge:

This appeal has been taken from the judgment of sentence to pay a fine of $300 plus costs, imposed by the distinguished Judge James N. Diefenderfer, after appellant was found to have violated Section 3743 of the Vehicle Code, 75 Pa.C.S. § 3743.[1]

The trial judge in his able opinion has accurately summarized the facts relevant to the disposition of this appeal:

On November 10, 1982, at approximately 10:00 A.M., defendant's motor vehicle collided with the rear of a tractor-trailer truck which was stopped at a red light on Seventh Street at Route 22. The collision occurred at a time when Seventh Street was under construction. Due to the construction, traffic was bumper to bumper and moving very slowly.

---

1. Section 3743(a) of the Vehicle Code provides:

 **§ 3743. Accidents involving damage to attended vehicle or property**

 (a) **General rule.**—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary....

 75 Pa.C.S. § 3743(a).

An electrical worker, Barry Dannenhower, employed by Bell of Pennsylvania, was stationed along Seventh Street where the truck had stopped. Dannenhower heard the crash and immediately notified the truck driver, Douglas R. McCoy, that his vehicle had been struck. McCoy exited his cab to survey the situation. McCoy found that the defendant's motor vehicle, a green Pontiac, was damaged in the area of the hood and the windshield. The rear of the truck had been struck. McCoy asked the defendant some questions. However, the defendant refused to provide McCoy with his name, address, driver's license and registration. He told McCoy only the year of his vehicle. McCoy recorded the motor vehicle license. Defendant told McCoy that he could not stay around because of his condition; McCoy testified that the defendant appeared to be intoxicated. Defendant then offered McCoy money so that he would not involve the police. Shortly thereafter, McCoy, upon seeing a police cruiser in the area, flagged the cruiser over. In response, the defendant got into his vehicle and headed east on Route 22.

McCoy gave the patrolman, Alfred C. Rhoads, Jr., the information for the police report. The patrolman issued a citation to the defendant later that day, using the license number to find the defendant's identity and address. Defendant was cited for failing to give information when involved in an accident with an attended vehicle.

Appellant pleaded guilty on December 1, 1982, to a violation of 75 Pa.C.S. § 3743. Six months later, on June 6, 1983, appellant filed a petition for leave to appeal *nunc pro tunc* which was granted by the court a further six months later on December 22, 1983. A trial *de novo* was held on May 14, 1984—some seventeen months after the date of the asserted motor vehicle offense—and appellant was found guilty. While post-verdict motions were filed in timely fashion, argument was not held thereon until April 24, 1985, almost one year after the *de novo* trial. The post-verdict motions were not ruled upon for yet another year, when on

July 21, 1986, they were dismissed. After sentence was imposed on November 24, 1986, appellant undertook the instant appeal.

Appellant presents two sufficiency arguments, initially asserting that the evidence was insufficient to support a conviction under Section 3743 of the Vehicle Code since the Commonwealth failed to establish that there was any "damage to a vehicle or other property" as required by 75 Pa.C.S. § 3743.

The settled standard of review for evaluating a challenge to the sufficiency of the evidence is "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984). *Accord: Commonwealth v. Macolino*, 503 Pa. 201, 205–06, 469 A.2d 132, 134 (1983); *Commonwealth v. Tribble*, 502 Pa. 619, 621–22, 467 A.2d 1130, 1131 (1983); *Commonwealth v. Keblitis*, 500 Pa. 321, 322–23, 456 A.2d 149, 150 (1983); *Commonwealth v. Kennedy*, 499 Pa. 389, 391–93, 453 A.2d 927, 928 (1982); *Commonwealth v. Lovette*, 498 Pa. 665, 669–70, 450 A.2d 975, 977 (1982).

Appellant argues that the statute did not require him to stop and to provide information at the scene of the accident since he did not observe the damage to the truck. We do not agree since the evidence, including the testimony of appellant as to the damage sustained by his own vehicle, was sufficient to support the conclusion of the trial court that the truck sustained damage, however slight, as a result of the accident. Thus, this insufficiency argument is rejected as meritless.

Appellant further argues that the evidence was insufficient to establish that he did not provide sufficient information to the driver of the second vehicle. We summarily reject this contention since the record provides ample sup-

port for the conclusion of the trial court that appellant did not provide to the victim the information required by Section 3744(a) of the Vehicle Code.[2]

Appellant next argues that the judgment of sentence must be vacated since it was imposed after the expiration of the two year statute of limitations provided by Section 5553 of the Judicial Code, 42 Pa.C.S. § 5553(e)[3].

This Court, in *Commonwealth v. Jannenga*, 335 Pa.Super. 77, 483 A.2d 963 (1984), held that, pursuant to 42 Pa.C.S. § 5553(e), "any summary proceedings initiated under title 75 must be disposed of at the trial level within two years [of the commission of the offense] or not at all." *Id.*, 335 Pa.Superior Ct. at 81, 483 A.2d at 965. The offense at issue was committed on November 10, 1982, thus establishing November 10, 1984, as the deadline for all proceedings relevant to the offense. As we have recounted, although appellant initially pleaded guilty, he subsequently sought

2. Section 3744(a) of the Vehicle Code provides:

**§ 3744. Duty to give information and render aid**

(a) **General rule.**—The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person. . . .

75 Pa.C.S. § 3744(a).

3. Section 5553(e) of the Judicial Code provides:

**§ 5553. Summary offenses involving vehicles**

\* \* \* \* \* \*

(e) **Disposition of proceedings within two years.**—No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense.

42 Pa.C.S. § 5553(e).

and was granted leave to appeal *nunc pro tunc,* and, while appellant was found guilty after a trial *de novo* held on May 14, 1984,[4] he was not sentenced until November 24, 1986, a date more than two years after the trial *de novo* and some four years and fourteen days after the date of the commission of the offense.

■ While the sluggish pace at which this case proceeded through the system[5] triggers a number of arguments to support an assertion that the charges should be dismissed, appellant failed to raise the defense of the statute of limitations at any time in the trial court. Thus, we find the defense of the statute of limitations to have been waived and, therefore, affirm the judgment of sentence.

The defendant in *Commonwealth v. Jannenga, supra,* filed a motion to dismiss the charges based upon 42 Pa.C.S. § 5553(e) *prior* to the dismissal of his post-verdict motions. Thus, the issue was raised in a timely fashion and ruled upon by the trial court. Similarly, this Court, in *Commonwealth v. Larson,* 299 Pa.Super. 252, 445 A.2d 550 (1982), held that proceedings against a defendant charged with summary violations of the Vehicle Code were required, pursuant to 42 Pa.C.S. § 5553(a), to be instituted within thirty days after the commission of the offense.[6] Proceedings against the defendant in that case were not instituted within the statutory time period and the court noted that "[t]he case against appellant therefore should have been dismissed *upon proper motion." Id.,* 299 Pa.Superior Ct.

---

4. As a result of our disposition of this appeal, we need not address the effect of the *nunc pro tunc* appeal upon the limitations period.

5. It is presumed that the court and prosecution share a distress that such extended delay occurred at each of several stages of the process.

6. Section 5553(a) of the Judicial Code provides:

 **§ 5553. Summary offenses involving vehicles**
 **(a) General rule.**—Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter....
 42 Pa.C.S. § 5553(a).

at 255, 445 A.2d at 551 (emphasis supplied). While the defendant in *Larson* had failed to file post-verdict motions, this Court (1) noted that the defendant had not been advised of the necessity of filing such motions, and (2) noted that the defendant had raised the defense of the statute of limitations in the trial court. *Id.*, 299 Pa.Superior Ct. at 255 n. 3, 445 A.2d at 551 n. 3.

Appellant in the instant case, however, never raised the defense of the statute of limitations in the trial court, even though he could have raised the issue of the statute of limitations at any time between the expiration date of the statute of limitations, namely, November 20, 1984, and the date of sentencing two years later on November 24, 1986. The defense of the statute of limitations is waived by a failure to raise it in a timely fashion. *See: Commonwealth v. Darush*, 501 Pa. 15, 20 n. 4, 459 A.2d 727, 730 n. 4 (1983); *Commonwealth v. Riley*, 330 Pa.Super. 201, 212–14, 479 A.2d 509, 515 (1984). As appellant failed to timely assert in the trial court the defense of the statute of limitations, that defense has been waived and may not now form the basis for relief.

Judgment of sentence affirmed.