544 A.2d 72

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Stephen J. MARKLEY, Appellee.**

Superior Court of Pennsylvania.

Argued April 28, 1988.

Filed July 11, 1988.

Glennis L. Clark, Assistant District Attorney, Allentown, for Com., appellant.

Diane V. Elliott, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

Stephen J. Markley was charged with operating a motor vehicle in Whitehall Township, Lehigh County, on March 19, 1983, while his operating privileges were under suspension for a previous alcohol related incident. This was a summary offense, as defined by 75 Pa.C.S. § 1543(b).[1] Following a hearing before a district justice, Markley was found guilty and was sentenced to pay a fine of one thousand ($1,000) dollars and to undergo imprisonment for a period of ninety (90) days. He then appealed to the Court of Common Pleas of Lehigh County, where he was again found guilty after a trial de novo on October 7, 1983. The trial court deferred sentencing for a period of ten days to allow the filing of post-trial motions; and when such motions were filed on October 17, 1983, sentencing was delayed indefinitely. The notes of testimony were transcribed and filed on April 5, 1984, but neither party thereafter caused defendant's post-trial motions to be listed for argument. Finally, there having been no activity for more than three years, the

---

1. The offense is defined at 75 Pa.C.S. § 1543(b) as follows:

   Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

Commonwealth, on July 23, 1987, filed a petition and obtained a rule to show cause why the defendant's post-trial motions should not be dismissed. The trial court heard argument on this motion, at which time the Superior Court's decision in *Commonwealth v. Jannenga*, 335 Pa.Super. 77, 483 A.2d 963 (1984), was called to the court's attention. Thereafter, in reliance on *Jannenga*, the trial court entered an order dismissing the criminal action and discharging the defendant. The Commonwealth appealed.

■ Statutes of limitations pertaining to summary motor vehicle offenses have been enacted by the legislature and appear at 42 Pa.C.S. § 5553(a), (b), and (c). Subsection (e) of the same section provides further as follows:

(e) Disposition of proceedings within two years—No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense.

The language of 42 Pa.C.S. § 5553(e) was interpreted by this Court in *Commonwealth v. Jannenga, supra,* to require disposition of summary proceedings in the trial court within two years after the offense. Specifically rejected by the Court was an interpretation which would merely have required the commencement of summary, criminal proceedings within two years.

The procedural posture of the summary proceedings which led to dismissal in *Jannenga* is on all fours with the procedural posture of the instant case. The defendant's post-trial motions, under the procedure in Lehigh County, could have been listed for argument by the Commonwealth as well as by the defendant. Neither party moved to dispose of defendant's post-trial motions, and a sentence was not imposed within two years of the offense. Because the circumstances of the present case cannot be distinguished from those in *Jannenga*, we agree with the trial court that *Jannenga* is controlling.

■ In *Commonwealth v. Stover*, 372 Pa.Super. 35, 538 A.2d 1336 (1988), another panel of this Court held that the

provisions of 42 Pa.C.S. § 5553(e) must be raised by the defendant in the trial court via post-trial motion or motion to dismiss filed before sentence has been imposed. If not so raised, the limitation of the statute will be deemed to have been waived.

In the instant case, although the defendant did not raise the issue via written motion filed post-trial, the statute was nevertheless called to the attention of the trial court, which, in reliance thereon, dismissed the prosecution and discharged the defendant before sentence had been imposed. Under these circumstances, it cannot be said that the limiting provisions of the statute were waived.

The mischief which is being caused by 42 Pa.C.S. § 5553(e) may suggest to the legislature that the provisions thereof should be repealed or at least amended so as to prevent a dilatory defendant from benefitting from his or her own delay.

Order affirmed.

DEL SOLE, J., files a concurring statement.

DEL SOLE, Judge, concurring:

I join the disposition of this case and the analysis of the majority in all respects save one. I disagree with the majority that 42 Pa. C.S.A. § 5553(e) is creating mischief. Rather, I believe that the legislature correctly determined that summary offenses should be disposed of at the trial court level within two years from the date of commission.

To claim that the defendant in this case benefited from his own delay ignores the responsibility of the Commonwealth to monitor its cases and to move them forward for disposition before the trial courts. As the majority opinion correctly points "the defendant's post-trial motions, under the procedure in Lehigh County, could have been listed for argument by the Commonwealth as well as by the defendant.". To label any delay in the disposition of this case as solely being the responsibility of the defendant ignores the

prior statement in the majority's opinion that the Commonwealth could have listed the matter for disposition.