548 A.2d 592

COMMONWEALTH of Pennsylvania, Appellee,

v.

Mary DRATMAN, Appellant.

Superior Court of Pennsylvania.

Argued June 20, 1988.

Filed Sept. 30, 1988.

Louis Lipschitz, Philadelphia, for appellant.

Jeffrey Hellman, Assistant District Attorney, Philadelphia, for Com.

242

Before MONTEMURO, BECK and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence (a fine of $338.00) for leaving the scene of an accident (75 Pa.C.S. § 3743(a)) by the appellant, Mary Dratman. We affirm.

The facts, viewed in a light most favorable to the verdict-winner (the Commonwealth here) and drawing all reasonable inferences therefrom, reveal that at approximately 6:00 p.m. on the 3rd day of June, 1986, Madelene Hanewinkel was driving in the passing lane on West River Drive, with the intention of making a right-hand turn onto and across the Falls Bridge in the City and County of Philadelphia.

Because traffic was stopped along the bridge, Ms. Hanewinkel had stopped her vehicle half-way into her right-hand turn. The appellant, in a Cadillac Eldorado, was traveling in the same direction as Ms. Hanewinkel. She was driving in the curb lane and, like Ms. Hanewinkel, was making a right-hand turn onto the Falls Bridge.

As the appellant was making her turn onto the bridge, as told by Ms. Hanewinkel, the front, left fender of the appellant's vehicle struck her passenger door and also her right fender. In between the two collisions, Ms. Hanewinkel saw the appellant operating the Eldorado, but was unable to get her to pull off the roadway. However, when the traffic light changed to red, the appellant was forced to stop. When this happened, Ms. Hanewinkel exited her vehicle, beeped her horn, stood on her driver's door sill and called for the appellant to stop. Nonetheless, when the light changed to green, at the end of Falls Bridge, the appellant drove-off in a direction unknown to Ms. Hanewinkel. She was unable to catch-up with the appellant.

Fortunately, a woman (Ms. Robin McClea), driving directly in front of Ms. Hanewinkel, saw what occurred in her rear view mirror. As told by Ms. McClea:

... as she [the appellant] began her turn onto the bridge, the very front left of her car struck the middle passenger side of the car [of Ms. Hanewinkel] behind me. I heard

[a medium loud] noise and I also saw [Ms. Hanewinkel's] car jerk because it had been hit. * * * Then the right lane cleared some, and the [appellant] continued her turn. As she continued her turn, she again struck the right front fender of [Ms. Hanewinkel] behind me. * * * * The car jerked, and there was a loud noise.

Further, Ms. McClea corroborated Ms. Hanewinkel's accounting of stopping her vehicle, getting out and screaming and waving to get the appellant's attention, all to no avail.

Once Ms. Hanewinkel and the witness got to the other side of the bridge, they spoke to a police officer. He, in turn, issued a citation to the appellant via the Traffic Court for leaving the scene of an accident in violation of Section 3743.

When the appellant took the stand, she did not recall being involved in any accident on the Falls Bridge on the 3rd of June, 1986. Nor did her passenger remember any such collision(s), or Ms. Hanewinkel beeping her horn or yelling at the appellant to stop. It was not until the appellant received a "request to come in and explain her case to the Accident Investigation Services" of the Philadelphia Police Department that she examined her vehicle and found no evidence of damage to her left, front fender. The passenger in the vehicle, who lived with the appellant at the time, would have corroborated the absence of damages.

Following the presentation of closing arguments, the Court of Common Pleas entered a verdict of guilty and imposed sentence. Thereafter, post-trial motions were argued and denied and the fine of $338.00 was re-imposed. This timely appeal ensued and raises the sole issue of whether the Commonwealth establishing that the appellant was the driver of a vehicle involved in an accident in which "damage" was sustained, as called for by Section 3743(a).[1]

1. Section 3743(a) provides:
   (a) General rule.—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the

As noted by the trial court, the essence of the appellant's argument consists of the contention that because there was no testimony as to damage(s) to Ms. Hanewinkel's property the letter of the law (Section 3743(a)) was not violated.

It must be kept in mind, however, that the standard of review for evaluating a challenge to the sufficiency of the evidence is " 'whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.' " *See Commonwealth v. Stover*, 372 Pa.Super. 35, 36, 538 A.2d 1336, 1337 (1988), quoting *Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984).

Such a standard was utilized by this Court in holding that, where the victim of a vehicular accident had his truck "struck" by the defendant, who, herself, had sustained damage to her hood and windshield, proof of contravening Section 3743(a) had been established in that the "truck sustained damage, however slight, as a result of the accident." *Id.*, 372 Pa.Superior Ct. at 38, 538 A.2d at 1338. This was so even though no testimony was presented by the Commonwealth as to the actual damage incurred by the truck driver to his vehicle.

Instantly, as in *Stover*, we had no direct testimony as to the damages suffered by the victim's vehicle when struck by the defendant's automobile. Nonetheless, from the totality of the circumstances (*i.e.*, the "medium loud" noise of the accident, the "jerking" of the victim's vehicle from the impact of the appellant's Eldorado making contact) one can legally infer the incurment of damages by the victim to her vehicle, "however slight, as a result of the accident." To hold otherwise, would be to ignore the realities of the situation surrounding the accident and discounting the like-

accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.
75 Pa.C.S. § 3743(a).

lihood (reasonably inferable from the facts) that, given the size of the appellant's vehicle, the placement of the point of contact (the victim's passenger door) and the force exerted to cause a "jerking" of the victim's vehicle upon impact, any damage resulted. We refuse to take such a myopic view of the facts and the reasonable inferences to be drawn therefrom.

Further, we agree with the sentiments of the trial court, expressed in its opinion at pages 3–4; to wit:

Common sense dictates the conclusion that where a vehicle, the size of a Cadillac in this case, strikes another automobile twice causing enough noise to alert the attention of a person in a vehicle not involved in the accident some property damage must have resulted. Nonetheless, this argument begs the question. The question is whether Mary Dratman had the duty to stop under Section 3734 when she knew, or in the exercise of reasonable care should have known, that her vehicle had been involved in an accident. We think the answer is positive.

Judgment of sentence affirmed.