592 A.2d 1316

**COMMONWEALTH of Pennsylvania**

v.

**Roy Lee QUINN, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1991.

Filed June 17, 1991.

Petition for Allowance of Appeal
Denied Dec. 2, 1991.

Arthur L. Jenkins, Jr., Norristown, for appellant.

Patricia E. Coonahan, Asst. Dist. Atty., Cheltenham, for the Com., appellee.

Before ROWLEY, President Judge, and CAVANAUGH, CIRILLO, OLSZEWSKI, MONTEMURO, BECK, TAMILIA, POPOVICH and HUDOCK, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence. Roy Lee Quinn was found guilty of driving with an expired operator's license pursuant to 75 Pa.C.S.A. § 1501(a) (Purdon's Supp.1990). Timely post-trial motions were filed and denied, and Quinn was sentenced to pay a fine and costs. This timely appeal followed.

On appeal, Quinn asserts that imposition of sentence by the trial court violated the statute of limitations contained in 42 Pa.C.S.A. § 5553(e).[1] Quinn argues that despite any responsibility for delay attributable to him, § 5553(e) mandates that all proceedings in the court of common pleas for summary motor vehicle offenses must be completed within two years of the date of the purported offense. We do not agree and affirm the judgment of sentence.

The argument advanced by Quinn requires a close examination of the procedural history of this case. On May 10, 1987, Quinn was cited for violating § 1501(a). (Trial court opinion at 3.) At a hearing on June 3, 1987, Quinn was found guilty. (*Id.*) Quinn had thirty days to appeal that decision to the court of common pleas; he did not file any appeal. (*Id.*) On December 15, 1987, Quinn filed a petition to file an appeal *nunc pro tunc;* a hearing on that petition, scheduled for February 19, 1988, was rescheduled at Quinn's request. (*Id.*) Quinn's petition was granted follow-

---

1. That section provides as follows:

§ 5553. Summary Offenses Involving Vehicles

\* \* \* \* \* \*

(e) Disposition of proceedings within two years.—No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense.

42 Pa.C.S.A. § 5553(e) (Purdon's Supp.1990).

ing a hearing on April 15, 1988, and his appeal was filed April 25, 1988. (*Id.* at 3–4.) The matter was called for trial on April 20, 1989, at which time Quinn motioned for the case to be relisted. (*Id.* at 4.) On May 3, 1989, following a hearing, Quinn was found guilty of driving with an expired operator's license. (*Id.*) On May 11, 1989, Quinn filed post-trial motions raising the bar of 42 Pa.C.S.A. § 5553(e). On May 31, 1989, the trial court denied the post-trial motions and imposed sentence.

In *Commonwealth v. Jannenga*, 335 Pa.Super. 77, 81, 483 A.2d 963, 965 (1984), this Court held that § 5553(e) was mandatory; any failure to complete proceedings against an accused for a summary motor vehicle offense within two years of the offense required discharge of the accused. The *Jannenga* Court noted that no portion of the delay present in that case was attributable to the defendant. *Id.* Rather, the trial court admitted the delay in sentencing had been "court related." *Id.*

Subsequently, this Court was faced with a procedural history similar to the case *sub judice. Commonwealth v. Stover*, 372 Pa.Super. 35, 538 A.2d 1336, *alloc. denied*, 520 Pa. 604, 553 A.2d 967 (1988). Stover had failed to appeal from the initial determination and later petitioned for leave to appeal *nunc pro tunc. Id.*, 372 Pa.Superior Ct. at 37, 538 A.2d at 1337. The *Stover* Court did not determine the effect of the *nunc pro tunc* appeal, as Stover was not sentenced until more than two years after trial *de novo* in the court of common pleas and the limitation issue was waived due to failure to raise it in the trial court. *Id.*, 372 Pa.Superior Ct. at 38–40, 538 A.2d at 1338–1339. Therefore, *Stover* does not address the precise issue before us today.

Recently, this Court held *Jannenga* to be controlling precedent where no portion of the delay is attributable to the accused. *Commonwealth v. Markley*, 375 Pa.Super. 231, 234, 544 A.2d 72, 74 (1988). Like *Jannenga, Markley* presented a case where the accused was in no way responsible for the delay. *Id.* (Del Sole, J., concurring).

We find both *Jannenga* and *Markley* distinguishable. Unlike those cases, Quinn was solely responsible for a delay of five months in these proceedings due to his failure to file a timely appeal to the court of common pleas. We will not attribute to the legislature an intent that an accused be allowed to take advantage of a delay he has caused. *See,* 1 Pa.C.S.A. § 1922(1) (Purdon's Supp.1990; when construing a statute, it is presumed that the General Assembly does not intend an unreasonable result). We, therefore, hold today that any period of delay *directly attributable to the accused* tolls the limitation period of § 5553(e). To the extent that either *Jannenga* or *Markley* could be argued to stand for a contrary interpretation, they are overruled.

To adopt the interpretation urged by Quinn would ultimately work to the disadvantage of those accused of summary motor vehicle offenses. Any court would be wary of granting a petition to appeal *nunc pro tunc* if such appeals would lead to a possible bar of the proceedings. Thus, those deserving of a chance to file late appeals might be denied a hearing on the merits of their case. Further, Quinn's position also opens the door to an accused deliberately delaying a proceeding in order to obtain the benefit of the statutory bar. We will not so encourage dilatory tactics.

We are aware that Quinn contests the trial court's findings that he was responsible for certain portions of the delay following the grant of his petition to appeal *nunc pro tunc.* We need not resolve this question, as Quinn is solely responsible for the failure to timely appeal the decision of the district justice to the court of common pleas. This five-month delay, attributable entirely to Quinn's actions, tolls the statute for a period sufficient to prevent the statutory bar.

Judgment of sentence affirmed.

Dissenting statement by POPOVICH, J.

POPOVICH, Judge, dissenting:

I respectfully dissent from the opinion of the majority. I would vacate the judgment of sentence since appellant was sentenced on May 31, 1990, over two years after he was originally cited under 75 Pa.C.S.A. § 1501(a), in violation of 42 Pa.C.S.A. § 5553(e).

42 Pa.C.S.A. § 5553(e) specifically provides: "No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense." The majority ignores the mandatory language of § 5553(e), instead opting for an interpretation of § 5553(e) similar to that normally employed in a P.R.Crim.P. 1100 analysis. I cannot find any statutory authority for such a result. Moreover, the majority has failed to cite any legislative history which would support its conclusion that our representatives did not intend an absolute limit of two years for prosecution of summary traffic violations.

Penal statutes, outside of the Crimes Code,[1] are to be strictly construed. 1 Pa.C.S.A. § 1928(b)(1); *Lurie*, 569 A.2d at 332; *Commonwealth v. Wooten*, 519 Pa. 45, 53, 545 A.2d 876, 879 (1988). The language of the statute in question is unquestionably unambiguous. All proceedings must be complete in a summary offense under Title 75 before the expiration of two years. Such was not the case presently.

In sum, I would vacate the judgment of sentence since it was entered more than two years after appellant was cited under Title 75. If the legislature finds this result "absurd", it is within its exclusive province, not ours, to correct the perceived problem.

---

1. See *Commonwealth v. Lurie*, 524 Pa. 56, 63, 569 A.2d 329, 332 (1990); 18 Pa.C.S.A. § 105 ("... provisions of this title shall be construed according to the fair import of their terms....").