666 A.2d 338

**COMMONWEALTH of Pennsylvania**

**v.**

**Mark M. RISTAU, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1995.

Filed Oct. 20, 1995.

118

Ross McKeirnan, Warren, for appellant.

Steven J. Gilford, Assistant District Attorney, Tionesta, for Commonwealth, appellee.

Before ROWLEY, President Judge, and CIRILLO and DEL SOLE, JJ.

CIRILLO, Judge:

Mark Ristau appeals from the order entered in the Court of Common Pleas of Warren County finding him guilty of various summary offenses and directing the payment of costs and

fines. We affirm the oral sentence imposed by the trial judge on August 4, 1992, and vacate the December 13, 1994 order reiterating and partially modifying the fines previously imposed.

Ristau was involved in an automobile accident on Route 62 in Warren County, Pennsylvania on February 9, 1992. Shortly thereafter, Ristau was charged with violating the following provisions of the Vehicle Code: driving on the right side of the road, 75 Pa.C.S.A. § 3301(a); leaving the scene of accident, 75 Pa.C.S.A. § 3743; duty to render aid, 75 Pa.C.S.A. § 3744(a); and immediate notice of accident to police department, 75 Pa.C.S.A. § 3746(a)(2). Ristau was found guilty of all four charges by a district justice. He was directed to pay a total of $541.00 in fines and $22.50 in costs. Ristau subsequently filed an appeal *de novo* to the trial court.

Judge James B. Dwyer, in a bench trial, heard the appeal on August 4, 1992. The record reflects that, at the conclusion of the testimony and oral argument, the court orally imposed a finding of guilt for Ristau's violations of section 3301 (driving on the right side of the road), section 3743 (leaving the scene of accident) and section 3746(a)(2) (immediate notice of accident to police department), and found him not guilty of section 3744(a) (duty to render aid).

The transcript also reflects that Judge Dwyer imposed a sentence from the bench. In his oral sentence, Judge Dwyer sustained the fines and costs imposed by the district justice for sections 3301 and 3746(a)(2), and imposed the following for section 3743: "I don't know what the fine or cost levied by the district justice was but after finding the defendant guilty here, I assess a fine of $150 and the cost of that case. If the district justice assessed more than that, he shall refund. If he has not, I levied that much of a fine and the defendant will have to make it up." It was not, however, until December 16, 1994, that a written order and opinion were filed by the trial court. This December 16th order mirrors the previous finding of guilt for three of the four offenses. Additionally, the order imposed sentence, reiterating those sentences originally (orally) imposed, with the exception of section 3743, for which

Ristau was given a costlier fine, specifically, a fine of $300.00.[1] This appeal followed.

Ristau raises one issue for our consideration:

Whether any action may be taken pursuant to a summary offense violation under Title 75 more than two years after the commission of the offense where the accused did nothing to cause delay in the case?

Section 5553(e) of the Pennsylvania Judicial Code provides as follows:

### § 5553. Summary Offenses Involving Vehicles

\*  \*  \*  \*  \*  \*

(e) Disposition of proceedings within two years.—No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense.

42 Pa.C.S.A. § 5553(e) (Purdon's Supp.1990). There is no question that the trial court's order and opinion were entered more than two years after the expiration of the statute of limitations (which would have commenced February 25, 1992). The language of section 5553(e) was interpreted by this court in *Commonwealth v. Jannenga,* 335 Pa.Super. 77, 483 A.2d 963 (1984), *overruled in part by Commonwealth v. Quinn,* 405 Pa.Super. 487, 592 A.2d 1316 (1991). "Subsection (e) is susceptible [to] no other interpretation than that any summary

---

1. The order reads:

> AND NOW, this 13th day of December, 1994, the Court finds the Defendant guilty of violating Sections 3746(A)(2), Section 3301(A), and Section 3743(A) of the Pennsylvania [Vehicle] Code and orders the payment of the costs and fines as set by the District Justice.
>
> Concerning Section 3744(A) of the Pennsylvania Vehicle Code, the Court finds the Defendant not guilty. and orders that any fine and costs levied by the District Justice on that charge be returned to Defendant.

In the opinion accompanying this order, the trial court stated: "At the trial, the hearing judge attempted to reduce the fine levied by the district justice in the case at Section 3743(A). Since the fine levied on this charge by the district justice was the statutory fine called for by the statute, the trial judge was in error and reinstated the statutory fine of $300." We note that 75 Pa.C.S.A. § 3743 provides: "Any person violating this section is guilty of a summary offense, punishable by a fine of $300 or imprisonment for not more than 90 days, or both."

proceedings initiated under Title 75 must be disposed of at the trial level within two years or not at all." *Jannenga,* 335 Pa.Super. at 81, 483 A.2d at 965. The court also pointed out that the appellant, who was not sentenced within the two years after the commission of his offense, in no way caused the delay in his sentencing. *Id. See also Commonwealth v. Markley,* 375 Pa.Super. 231, 544 A.2d 72 (1988), *overruled in part by Commonwealth v. Quinn,* 405 Pa.Super. 487, 592 A.2d 1316 (1991) (following *Jannenga,* court held that failure to take action on defendant's post-trial motions and impose sentence within two years of offense required dismissal of action pursuant to section 5553(e)). Subsequently, in *Commonwealth v. Quinn,* 405 Pa.Super. 487, 592 A.2d 1316 (1991) (*en banc* ), *appeal denied,* 529 Pa. 619, 600 A.2d 535 (1991), this court both distinguished *Jannenga* and *Markley* and narrowed their scope, holding that "any period of delay directly attributable to the accused tolls the limitation period of § 5553(e)." *Id.* at 490, 592 A.2d at 1317.[2]

The law having been stated, we must first determine at what point the finding of guilt and sentence in the instant case occurred. The Commonwealth asserts that Ristau was found guilty and sentenced when the trial court rendered such determinations orally in open court following argument. If we accept this interpretation, Ristau was convicted and sentenced well within the two year statute of limitations. Contrary to the Commonwealth's contention, Ristau claims that an appealable order was not imposed until the entry of the written order, which was filed well beyond the two year statute.

▬▬ We accept the Commonwealth's invitation to look to the trial court's oral disposition as the point at which Ristau was convicted and sentenced. The finding of guilt and imposi-

2. In distinguishing *Jannenga* and *Markley,* the court in *Quinn* noted that Quinn was solely responsible for a delay of five months in the proceedings due to a failure to file a timely appeal to the trial court. In holding that any delay attributable to the accused tolls the limitation period, this court in *Quinn* stated, "to the extent that either *Jannenga* or *Markley* could be argued to stand for a contrary interpretation, they are overruled." *Quinn,* 405 Pa.Super. at 487, 592 A.2d at 1317.

tion of sentence is clearly set forth in the transcript of Ristau's bench trial. "Sentence" may be defined as:

> The judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, awarding the punishment to be inflicted. Judgment formally declaring to accused legal consequences of guilt which he has confessed or of which he has been convicted. The word is properly confined to this meaning.

*Commonwealth v. Giaccio,* 415 Pa. 139, 144 n. 4, 202 A.2d 55, 58 n. 4 (1964), *rev'd on other grounds,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966), (quoting Black's Law Dictionary 1528 (4th ed. 1951)).

Ristau does not allege that he was unaware that a sentence had been imposed against him, nor does he allege that he was not apprised of his appellate rights. The issue, rather, has been narrowly framed to question whether the trial court failed to complete the proceedings against Ristau within two years of the commission of the offense pursuant to 42 Pa. C.S.A. § 5553(e). Unlike the circumstances set forth in *Jannenga* and *Markley,* the trial court in the instant case did not defer or delay sentencing until such a time that it could no longer do so under section 5553(e). Here, there was simply no delay; the trial court orally imposed sentence immediately after Ristau's bench trial.[3]

As we bestow our validation to the oral sentence, we recognize that the December 16, 1994 written order, which was entered beyond the two year limit, must be vacated. That order, in effect, proposes to increase the penalty on the section 3743 offense. This will not be permitted; the original

3. We note that this case is distinguishable from the line of cases implicating double jeopardy, deciding that: a trial judge's oral statements not incorporated into the written and signed judgment of sentence are not part of the judgment of sentence, and an oral pronouncement of sentence does not constitute an "imposed sentence" **for double jeopardy purposes.** *See, e.g., Quinlan, infra; Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820 (1990); *Commonwealth v. Unger,* 315 Pa.Super. 408, 462 A.2d 259 (1983); *Commonwealth v. Hodge,* 246 Pa.Super. 71, 369 A.2d 815 (1977); *Commonwealth v. Foster,* 229 Pa.Super. 269, 324 A.2d 538 (1974).

sentence must stand. The trial court cannot take action to modify a sentence more than two years after the commission of the offense. This action not only violates the spirit of section 5553(e), it also exceeds the trial court's power; once the 30–day period for altering or modifying sentence is over, the trial court loses power to alter its orders. *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 115–16, 639 A.2d 1235, 1238 (1994), *appeal granted*, 540 Pa. 648, 659 A.2d 986 (1995); *Commonwealth v. Fleming*, 332 Pa.Super. 118, 136–37, 480 A.2d 1214, 1224 (1984); *see* 42 Pa.C.S.A. § 5505 (court may modify any order within 30 days of entry). We have consistently held that the trial court lacks jurisdiction to modify a sentence once the thirty day period for filing an appeal has elapsed. *Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985). *See id* (court had no authority to modify defendant's sentence, by making it consecutive, five months after it was originally entered); *Commonwealth v. Cooper*, 333 Pa.Super. 559, 482 A.2d 1014 (1984) (amended sentence imposed more than 30 days after sentencing and after appeal had been filed, requiring participation in a drug program as a condition of probation or parole, was unlawful and a nullity); *Commonwealth v. Lynch*, 304 Pa.Super. 248, 450 A.2d 664 (1982) (trial court's attempt to modify sentence more than 30 days after imposition of original sentence was a nullity). We affirm the oral sentence imposed on August 4, 1992, and vacate the December 13, 1994 written order, which served to increase the penalty originally imposed on August 4, 1992.

Oral sentence affirmed. Order vacated. Jurisdiction relinquished.