J-S34026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD W. BONEY | |
| Appellant | No. 100 MDA 2015 |

Appeal from the Judgment of Sentence October 16, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-SA-0000006-2012

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                                    **FILED JULY 14, 2015**

Ronald W. Boney appeals from the judgment of sentence imposed on October 16, 2014, in the Court of Common Pleas of Perry County, following a summary appeal.  Boney was convicted of driving while operating privilege was suspended.[1] The trial court sentenced Boney to 75 days' incarceration. In this appeal, Boney contends the trial court erred in (1) denying his motion to dismiss pursuant to Pa.R.Crim.P. 600, and (2) denying his motion to dismiss pursuant to constitutional due process rights.[2]  Boney's Brief at 4. Based upon the following, we affirm.

---

[1] 75 Pa.C.S. § 1543(b)(1).

[2] Although it appears from the trial court docket that Boney timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Boney's Rule 1925 statement is not included in the certified record.  The trial court, however, reiterates the
*(Footnote Continued Next Page)*

This case arose as a result of a February 5, 2011, incident, for which Boney was issued a traffic citation for driving under suspension. Thereafter,

[o]n February 3, 2012, [Boney] was convicted of violating 75 Pa.C.S. § 1543(b)(1), Driving Under Suspension—DUI related, which is a summary offense. [Boney] then filed an appeal to [the trial court] on February 17, 2012. By letter dated July 17, 2014, [Boney] was notified to appear for the purpose of a hearing on appeal from summary conviction on August 11, 2014. On August 7, 2014, [Boney] filed a Petition to Dismiss Pursuant to Rule 600. On August 11, 2014, [the trial court] issued an order stating that it was considering the petition, and that upon reaching a decision [the court] would grant the relief requested or would continue the matter upon motion of [Boney]. On August 27, 2014, [the trial court] denied [Boney's] Petition to Dismiss Pursuant to Rule 600, and the matter was then continued upon motion of [Boney] until October 16, 2014, so that [Boney] could subpoena witnesses. On October 16, 2014, at the summary appeal, [Boney] was again convicted of violating section 1543(b)(1).

Trial Court Opinion, 1/26/2015, at 1.

At the outset, we note:

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

_____
*(Footnote Continued)*

issues raised in Boney's concise statement in its opinions. **See** Trial Court Opinion, 1/30/2015, at 2; Trial Court Opinion, 1/26/2015, at 2.

- 2 -

***Commonwealth v. Rodriguez***, 81 A.3d 103, 105–106 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 1238 (Pa. 2014).

As background to the issues raised in this appeal, Boney states:

Ronald W. Boney was convicted on February 3, 2012 of Driving Under Suspension 75 section 1543(b)(1) in the Magisterial District Court in Newport, Pennsylvania. On February 17, 2012, [Boney] filed a timely appeal and request for *De Novo* trial in the Court of Common Pleas of the 41st Judicial District. On March 2, 2012, [Boney] was prosecuted on an unrelated charge through the same prosecutor's office and sentenced to 16 months to 36 months in a state correctional institution. The prosecutor subsequently sent notice to [Boney] that his summary appeal would be heard on August 11, 2014.

\*\*\*\*

The facts of the present case show that nearly 2 and [one-half] years passed between [Boney] filing his notice of appeal and his opportunity for hearing. This is a substantial delay. The reason for the delay involved the prosecutor not wanting to transport [Boney] from a state correctional institution. Prisoners are transported every day for hearings from state correctional institutions. There is no justifiable excuse for delay based on transportation. … [Boney] was actually prejudiced by the trooper's inability to recall the events of the day aside from using whatever notes were taken and [Boney's] inability to recall certain events.

Boney's Brief at 5, 7.

Boney first contends that the trial court erred in denying his Pennsylvania Rule of Criminal Procedure 600 Motion. Boney argues his *de novo* summary appeal was not tried in the trial court within 365 days as required by Pa.R.Crim.P. 600. This argument, however, is meritless, as our Court has stated that Pa.R.Crim.P. 1100, which is now Rule 600, is not applicable to *de novo* trials involving summary violations as the Rule

excludes summary proceedings. *See Commonwealth v. Koch*, 431 A.2d 1052, 1054 n.5 (Pa. Super. 1981) (*en banc*) (noting that Criminal Rule 1100 [predecessor to Criminal Rule 600] is inapplicable to summary proceedings as the rule specifically excludes such proceedings by its language). Indeed, Chapter 6 of the Rules of Criminal Procedure is titled as the "Trial Procedures in **Court Cases**." Further, Rule 600(A)(2)(a) requires that "[t]rial in a **court case** in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a) (emphasis added). A "court case" is defined as "a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree." Pa.R.Crim.P. 103. By contrast, a "summary case" is defined as "a case in which the only offense or offenses charged are summary offenses." *Id*.

In this case, Boney was charged with a single summary offense of driving while his operating privilege was suspended, in violation of 75 Pa.C.S. 1543(b). As such, this case is a "summary case" and cannot be considered a "court case." Based upon the foregoing, we conclude that Rule 600 is inapplicable to this proceeding involving only a summary offense. *See Koch, supra*; *see also Constantino v. Forest Hills Borough*, 563 A.2d 953, 957 (Pa. Cmwlth. 1989) (concluding that appellant's right to a speedy trial has not been violated because Rule 1100(d)(1) does not apply "to appeals from summary convictions, but rather to the granting of a new trial

by the trial court."); ***cf. Commonwealth v. Kujas***, 435 A.2d 1293, 1294 (Pa. Super. 1981) (concluding that summary offenses charged in the same complaint as misdemeanors are part of a "court case" for the purposes of Criminal Rule 1100).

Next, Boney argues that the proceedings were not completed in a timely fashion and as such, violated his constitutional due process rights. While not mentioned by the parties, Section 5553(e) of Title 42 provides that "No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to three years after commission of the offense." 42 Pa.C.S. § 5553(e) (emphasis added).[3] Under Section 5553(e), any summary proceedings initiated under Title 75 must be disposed of "at the trial level" within three years or not at all. ***Commonwealth v. Ristau***, 666 A.2d 338, 340 (Pa. Super. 1995) (citation omitted). However, our case law makes clear that the limitation period is tolled during those periods of delay that are directly attributable to the defendant. ***Commonwealth v. Quinn***, 592 A.2d 1316, 1317 (Pa. Super. 1991) (holding "any period of delay *directly attributable to the accused* tolls the limitation period of § 5553(e)").

---

[3] Prior to January 28, 2005, 42 Pa.C.S. § 5553(e) provided that summary prosecution for a vehicle violation must be completed within **two** years from commission of the offense.

- 5 -

Here, the time span between the issuance of the commission of the offense on February 5, 2011, and the date scheduled for the *de novo* trial, August 11, 2014, is a little more than three years and six months. Boney argues the delay was due to the Commonwealth's failure to transport him from state prison where he was serving a 16-to-36 month sentence, following his March 2, 2012 prosecution on unrelated charges by the same prosecutor. We find this argument unpersuasive.

Initially, delay in this case occurred in the magisterial district court where Boney was not convicted by the district judge until February 3, 2012, almost a year after the February 5, 2011 traffic offense. The docket transcript from the magisterial district court, which is included in the certified record, reflects that a summary trial was scheduled for June 30, 2011, but was continued because "Defendant Failed to Appear – Good Cause." Boney has offered no evidence that he objected to the continuance. The docket transcript also shows a summary trial was scheduled for January 31, 2012, and continued for the reason stated as "Other." As mentioned above, Boney was convicted on February 3, 2011.

On this record, we conclude that the delay between the June 30, 2011, and January 31, 2012 scheduled summary trials, was "directly attributable"[4] to Boney's conduct — i.e., his failure to appear for the June 30, 2011

_____

[4] ***Quinn, supra***, 592 A.2d at 1317.

- 6 -

summary trial. Therefore, given that the approximately three-year-six-month time period between February 5, 2011, and August 11, 2014, was tolled by this six-month-plus delay, we conclude Boney's summary proceeding was completed within the three year limitation period of Section 5553(e). Consequently, we reject Boney's claim that his due process rights were violated in this case.

Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2015