J-S26025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN LAMBERT | |
| Appellant | No. 430 EDA 2015 |

Appeal from the Judgment of Sentence Entered January 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013527-2013

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 17, 2016**

Appellant, Nathan Lambert, appeals from the judgment of sentence imposing an aggregate six to twelve years of incarceration followed by five years of probation for unlawful possession of a firearm and possession of a firearm with an altered manufacturer's number.[1]  We vacate and remand.

Appellant pled guilty to the aforementioned offenses on April 30, 2014.[2]  The trial court sentenced Appellant *in absentia* on January 22, 2015. Appellant filed this timely appeal, raising two issues:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 6105 and 6110.2, respectively.

[2] Possession of a firearm by persons not to possess, 18 Pa.C.S.A. § 6105, is a felony in the second degree.  18 Pa.C.S.A. § 6105(a.1).

1. Did the lower court impose an illegal sentence above the statutory maximum for a violation of Section 6105 of the Uniform Firearm Act, 18 Pa.C.S.A. § 6105, a felony of the second degree, by imposing a sentence of five to ten years['] incarceration and five years['] probation?

2. Did the lower court err in sentencing [A]ppellant *in absentia* where the Commonwealth failed to prove that [A]ppellant intentionally failed to appear after proper notice and where the lower court failed to weigh the specific circumstances of the case?

Appellant's Brief at 3.

Appellant first argues the trial court imposed an illegal sentence for Appellant's violation of § 6105, a second-degree felony. 18 Pa.C.S.A. § 6105(a.1)(1). A second-degree felony carries a maximum sentence of ten years of incarceration. 18 Pa.C.S.A. § 1103(2). The written judgment of sentence indicates that the trial court imposed five to ten years of incarceration followed by five years of probation for Appellant's violation of § 6105. The legality of a sentence presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Lomax***, 8 A.3d 1264, 1268 (Pa. Super. 2010).

The sentence for Appellant's § 6105 conviction is unlawful, as Appellant potentially could serve 15 years of punishment for a crime with a ten-year statutory maximum. 42 Pa.C.S.A. § 9754(a) ("In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, **which term may not exceed the maximum term for which the defendant could be confined**[.]") (emphasis added); ***Commonwealth v. Crump***, 995 A.2d

1280, 1283 (Pa. Super. 2010) (noting that the total length of a sentence split between incarceration and probation cannot exceed the statutory maximum), *appeal denied*, 13 A.3d 475 (Pa. 2010). The sentencing transcript and the trial court's Pa.R.A.P. 1925(a) opinion indicate that the trial court intended to sentence Appellant to five to ten years of incarceration for his § 6105 violation without a subsequent period of probation. N.T. Sentencing, 1/22/15, at 10; Trial Court Opinion, 9/3/15, at 3. The trial court intended to sentence Appellant to one to two years of incarceration followed by five years of probation for the § 6110.2 violation. ***Id.*** The written judgment of sentence, in an apparent error, attached five years of probation to both sentences § 6015 sentence rather than the § 6110.2 sentence. Despite the trial court's statements at sentencing, the language of the written judgment of sentence controls. ***See Commonwealth v. Unger***, 462 A.2d 259, 260 (Pa. Super. 1983) (noting that oral statements at sentencing not incorporated in the written judgment are not part of the judgment of sentence).

In conclusion, we must vacate the illegal sentence imposed for Appellant's violation of § 6105. Since that sentence was part of a consecutive sentencing scheme, and our result alters the aggregate sentence, we will vacate the entire judgment of sentence and remand so that the trial court can issue a written sentencing order in accordance with its intentions. ***See Commonwealth v. Ruffin***, 16 A.3d 537, 544 (Pa.

Super. 2011); *Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008).

As our disposition of Appellant's first argument requires a new sentencing proceeding, Appellant's second argument is moot.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2016