J. S03014/15

2015 PA Super 55

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :       PENNSYLVANIA
       v.       :
       :
CHRISTOPHER JACKSON CARTER,   :   No. 1391 EDA 2014
       :
       Appellant   :


Appeal from the Judgment of Sentence, March 31, 2014,
in the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0002272-2012


BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.


OPINION BY FORD ELLIOTT, P.J.E.:       **FILED MARCH 19, 2015**

Christopher Jackson Carter appeals from the judgment of sentence of March 31, 2014, following his conviction of various sexual offenses.  We affirm.

Following a jury trial held October 21-22, 2013, appellant was found guilty of one count of rape by forcible compulsion, five counts of involuntary deviate sexual intercourse ("IDSI") -- person less than sixteen years of age, five counts of aggravated indecent assault, four counts of indecent assault, five counts of endangering the welfare of a child, and five counts of corruption of minors.  The charges resulted from the victim's disclosure that she had been sexually abused by appellant during the years 1990 through 1994.  Appellant was sentenced to an aggregate term of 240 to 480 months' imprisonment; this timely appeal followed.  Appellant has complied with

Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issues for this court's review:

> [1.] Did the trial court err by permitting the Commonwealth to call an expert to testify that bolstered the credibility of the complaining witness?
>
> [2.] Were [appellant]'s constitutional rights violated by the Commonwealth proceeding against him in violation of the Statute of Limitations that was in place at the time the offenses were alleged to have been committed?
>
> [3.] Has the Commonwealth failed to demonstrate any reason why the applicable statute of limitations of two and five years was tolled pursuant to 42 Pa.C.S.A. Section 5554[?]

Appellant's brief at 11.

In his first issue on appeal, appellant complains that the Commonwealth should not have been permitted to call Ms. Carol Haupt as an expert witness to explain the victim's delay in reporting the sexual abuse. Appellant argues that this improperly bolstered the victim's credibility and invaded the province of the jury.

"The admission of expert testimony is a matter of discretion [for] the trial court and will not be remanded, overruled or disturbed unless there was a clear abuse of discretion." *Blicha v. Jacks*, 864 A.2d 1214, 1218 (Pa.Super. 2004). "Expert testimony is permitted as an aid to the jury when the subject matter is distinctly related to a science, skill, or occupation

beyond the knowledge or experience of the average layman." *Commonwealth v. Lopez*, 854 A.2d 465, 470 (Pa. 2004), quoting *Commonwealth v. Auker*, 681 A.2d 1305, 1317 (Pa. 1996). "Conversely, expert testimony is not admissible where the issue involves a matter of common knowledge." *Commonwealth v. Minerd*, 753 A.2d 225, 230 (Pa. 2000) (citation omitted).

42 Pa.C.S.A. § 5920 provides as follows:

**§ 5920. Expert testimony in certain criminal proceedings**

**(a) Scope.--**This section applies to all of the following:

(1) A criminal proceeding for an offense for which registration is required under Subchapter H of Chapter 97 (relating to registration of sexual offenders).

(2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).

**(b) Qualifications and use of experts.**--

(1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in

understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.

(2) If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.

(3) The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.

(4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S.A. § 5920 (footnote omitted).[1]

Ms. Haupt testified that it is common for child sexual abuse victims to delay in reporting. (Notes of testimony, 10/21/13 at 121-122.) Ms. Haupt expounded upon some of the reasons why a child sexual abuse victim may delay in reporting. (*Id.* at 122-124.) However, she did not testify regarding this victim specifically or whether or not the alleged incidents actually occurred. (*Id.* at 125.) Ms. Haupt did not offer any opinion regarding the

---

[1] "Section 2 of 2012, June 29, P.L. 656, No. 75, effective in 60 days [Aug. 28, 2012], provides that '[t]he addition of 42 Pa.C.S. § 5920 shall apply to actions initiated on or after the effective date of this section.'" *Id.*, historical and statutory notes. The criminal complaint in this case was filed on September 7, 2012. Therefore, Section 5920 applies.

victim's credibility. Under Section 5920, her testimony was clearly admissible.

In a related argument, appellant contends that Section 5920 violates separation of powers because only the Pennsylvania Supreme Court may promulgate rules of procedure. We addressed a similar argument in *Commonwealth v. Presley*, 686 A.2d 1321 (Pa.Super. 1996), *appeal denied*, 694 A.2d 621 (Pa. 1997):

> Presley next claims that Section 6354(b)(4) [(of the Juvenile Act, amended in 1995 to permit use of a juvenile adjudication in a subsequent criminal proceeding under certain circumstances)] violates the concept of separation of powers under Pennsylvania's Constitution. To support this argument, Presley directs our attention to Article V, Section 10(c) which provides that:
>
> > The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts. . . . All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.
>
> Presley correctly notes that the above provision generally prohibits the legislature from "tell[ing] the Judiciary how to hear and decide cases." *Appeal of Borough of Churchill*, 525 Pa. 80, 88, 575 A.2d 550, 554 (1990) (citing *In re 42 Pa.C.S. Section 1703*, 482 Pa. 522, 394 A.2d 444 (1978)). Nevertheless, "[i]t is well settled that the legislature of a state has the power to prescribe new rules of evidence, providing that they do not deprive any person of his constitutional rights." *Dranzo v. Winterhalter*, 395 Pa.Super. 578, 589, 577 A.2d 1349, 1354 (1990), *alloc. denied*, 526 Pa. 648, 649, 585 A.2d 468 (1991). This principle was settled

> nearly sixty years ago, when our Supreme Court stated that "[w]e recognize the right of the legislature to create or alter rules of evidence." **Rich Hill Coal Co. v. Bashore**, 334 Pa. 449, 485, 7 A.2d 302, 319 (1939). More recently, the Court reaffirmed this holding by stating that "[s]ubject only to constitutional limitations, the legislature is always free to change the rules governing the competency of witnesses and the admissibility of evidence." [**Commonwealth v.**] **Newman**, [633 A.2d 1069, 1071 (Pa. 1993)].
>
> Further, the state constitution, itself, does not provide a complete proscription against laws which regulate practice, procedure and the conduct of courts. To the contrary, the constitution mandates that such laws shall only be prohibited "to the extent that they are inconsistent with rules prescribed" by the Supreme Court. Since the Supreme Court has not yet adopted a rule concerning the issue addressed in Section 6354(b)(4) and our Supreme Court has held that the legislature may properly create rules of evidence, we cannot find that 42 Pa.C.S.A. § 6354(b)(4) violates Article V, Section 10(c) of our state constitution.

**Id.** at 1324-1325.

Instantly, Section 5920 is really a rule regarding the admissibility of evidence, not a procedural rule. Furthermore, it is not in direct conflict with any existing rule of the Pennsylvania Supreme Court. Appellant claims it conflicts with Pa.R.E. 702, in that the reasons why a child may not promptly report a sexual assault is not beyond the ken of the average layperson. Appellant also cites to **Commonwealth v. Dunkle**, 602 A.2d 830, 837 (Pa. 1992) ("Not only is there no *need* for testimony about the reasons children may not come forward, but permitting it would infringe upon the jury's right

- 6 -

to determine credibility.") (emphasis in original) (citations omitted). **Dunkle** held that it is error to allow expert testimony on the issue of prompt complaint, which impermissibly interferes with the jury's function to judge credibility. **Id.** at 837-838. **See also**, **e.g.**, **Commonwealth v. Alicia**, 92 A.3d 753 (Pa. 2014) (holding that expert testimony on the phenomenon of false confessions would impermissibly invade the jury's exclusive role as the sole arbiter of credibility).

Appellant argues that our supreme court has ruled on precisely this issue, in an area specifically consigned to its authority. (Appellant's brief at 20-21.) However, **Dunkle** predates Section 5920 and was not based on constitutional grounds but on existing case law and rules of evidence. As such, we determine that Section 5920 does not violate separation of powers.

Next, appellant argues that the charges should have been dismissed as being beyond the applicable statute of limitations. This claim is waived.

In **Commonwealth v. Rossetti**, 863 A.2d 1185 (Pa.Super. 2004), **appeal denied**, 878 A.2d 864 (Pa. 2005), this court found the defendant's statute of limitations claim raised in post-sentence motions to be waived, stating,

> In **Commonwealth v. Darush**, 501 Pa. 15, 20 n.4, 459 A.2d 727, 730 n.4 (1983), the Pennsylvania Supreme Court held that a statute of limitations claim is waived if not raised in a pretrial omnibus motion seeking dismissal of the charges. **Id.** In two decisions following **Darush**, this Court found statute of limitations claims to be waived when not raised at the first available opportunity and when raised after

- 7 -

> the imposition of sentence. ***Commonwealth v. Groff***, 378 Pa.Super. 353, 548 A.2d 1237, 1244-45 (1988); ***Commonwealth v. Stover***, 372 Pa.Super. 35, 538 A.2d 1336, 1339 (1988). In ***Stover***, we stated that a defendant had from the expiration date of the statute of limitations until the date of sentencing to raise the issue of statute of limitations and that the failure to raise it in a timely fashion constituted a waiver of the claim. ***Stover***, 538 A.2d at 1339.

***Id.*** at 1190.

Instantly, the issue was not raised until after sentencing, in appellant's

Rule 1925(b) statement. Accordingly, it is deemed waived.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2015

---

[2] We note that the issue is clearly without merit for the reasons discussed in the trial court opinion. (***See*** trial court opinion, 7/8/14 at 6-10) (discussing tolling of the statute where the victim is less than 18 years of age when the offenses were committed).