J-S62035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER WALTON BLAKE | |
| Appellant | No. 657 WDA 2015 |

Appeal from the Judgment of Sentence January 22, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001506-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:　　　　　**FILED NOVEMBER 4, 2015**

Appellant, Christopher Walton Blake, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas, following his jury trial convictions for two counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, aggravated indecent assault of a child, unlawful contact with a minor (sexual offenses), unlawful contact with a minor (obscene and other sexual materials), corruption of minors, and indecent assault (victim less than 13 years of age).[1]  We affirm.

The trial court opinion set forth the relevant facts of this case as follows:

_____

[1] 18 Pa.C.S.A. §§ 3121(c); 3123(b); 6318(a)(1); 6318(a)(4); 6301(a)(1); 3126(a)(7), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

On September 17, 2014, a jury found [Appellant] guilty of two (2) counts of each of the following: Rape of a Child, [IDSI] with a child, Aggravated Indecent Assault of a child, Unlawful Contract with a Minor—Sexual offenses, Unlawful Contact with a Minor—Obscene and other explicit sexual materials, Corruption of a Minor, and Indecent Assault. The basis of these charges is that from approximately June 2008 to October 2009, [Appellant] performed numerous sexual acts on two minor children who were under his care at the time. These acts included [Appellant] penetrating the child victims' genitals and anuses (both with his penis and digitally), [Appellant] performing oral sex on the children, [Appellant] forcing the children to perform oral sex on [Appellant], and [Appellant] showing the children sexually explicit materials. The two children were approximately 5 and 6 years old during this period.

Prior to sentencing, this [c]ourt ordered the Sexual Offender's Assessment Board ("SOAB") to conduct an assessment to determine if [Appellant] could be sentenced as a Sexually Violent Predator ("SVP"). At the SVP hearing, this [c]ourt found that the Commonwealth met its burden of proving [Appellant] a SVP by clear and convincing evidence. The [c]ourt sentenced [Appellant] to a total of 67 to 134 years of incarceration the same day.[2] The [c]ourt sentenced [Appellant] within the standard range for each offense and ran consecutively the two sentences each of Rape of a Child, [IDSI], and Aggravated Indecent Assault of a child.[1]

[1] The sentences for the remaining offenses were also within the standard guidelines and ran concurrently to the other sentences imposed.

Before and during trial, this [c]ourt denied several of [Appellant's] motions that formed the basis of his Post-Sentence Motion. …

\* \* \*

_____

[2] The record makes clear the court did not impose any mandatory minimum sentences for any of Appellant's convictions.

[A]t the initiation of trial, the [c]ourt overruled [Appellant's] objection to permitting the Commonwealth to provide evidence of [Appellant's] 2011 Theft by Unlawful Taking conviction should [Appellant] testify at trial. The [c]ourt overruled the objection because it found that the conviction was *per se* admissible under Pa.R.E. 609(a) because it was *crimen falsi* and was less than 10 years old. Further, the [c]ourt took care to instruct the jury in this case to consider the conviction solely for impeachment purposes.

Finally, during the trial, this [c]ourt permitted the Commonwealth to introduce expert testimony from Kimberly Duffy, a Program Development Specialist within the Department of Social Work at the University of Pittsburgh.[3] After a brief hearing regarding Ms. Duffy's qualifications, training, education, and experience, the [c]ourt found that she was an expert with respect to behavioral response patterns of child victims in sexual assault cases. In so finding, the [c]ourt ruled that this testimony involved an area that would be beyond the normal understanding of the general public, especially because the General Assembly has specifically permitted this type of expert testimony. The [c]ourt also found that a *Frye*[3] hearing was not necessary in this case because the General Assembly has said that this type of testimony is proper and because the testimony given is not "novel" science. Finally, in an abundance of caution, the [c]ourt did hold a brief *Frye* hearing and determined that the methodology used by Ms. Duffy is generally accepted by practitioners in the relevant field.

> [3] Ms. Duffy also testified that she has over 17 years of experience in the Child Welfare System, including working with the Adams County and York County Children's Advocacy Centers.

Ms. Duffy was not provided any background information on the case, and she was instructed to testify only as to her

_____

[3] *Frye v. United States*, 293 F. 1013 (D.C.Cir. 1923).

general experience with child responses (including reasons why children may delay in reporting) in sexual assault cases. Counsel for [Appellant] took part in the questioning of Ms. Duffy's credentials.

(Trial Court Opinion, filed June 10, 2015, at 2-5).

Procedurally, on January 22, 2015, the court deemed Appellant a SVP and sentenced him to an aggregate term of sixty-seven (67) to one hundred and thirty-four (134) years' imprisonment. Appellant timely filed a post-sentence motion on January 30, 2015.[4] On March 31, 2015, the court denied relief. Appellant timely filed a notice of appeal on April 23, 2015. On April 27, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on May 8, 2015.

Appellant raises three issues for our review:

SHOULD…THE COURT HAVE ADMITTED A 2011 THEFT CONVICTION AS *CRIMEN FALSI* IMPEACHMENT EVIDENCE AGAINST [APPELLANT?]

DID THE TRIAL COURT ERR IN PERMITTING THE COMMONWEALTH TO USE KIMBERLY DUFFY AS AN EXPERT WITNESS?

WAS THE SENTENCE OF 67-134 YEARS IMPOSED UPON [APPELLANT] MANIFESTLY UNFAIR AND EXCESSIVE?

(Appellant's Brief at 10).

After a thorough review of the record, the briefs of the parties, the

_____

[4] Appellant filed a supplemental post-sentence motion on March 10, 2015, without leave of court.

applicable law, and the well-reasoned opinion of the Honorable Robert G. Yeatts, we conclude Appellant's first issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of this question. (**See** Trial Court Opinion at 11-13) (finding: Appellant's prior theft conviction is less than ten years old;[5] *crimen falsi* convictions which are less than 10 years old are *per se* admissible; court was not required to perform balancing test in considering admission of conviction; cases on which Appellant relies are not dispositive, as neither case represents current law regarding introduction of *crimen falsi* convictions which are less than ten years old; additionally, court instructed jury to consider 2011 conviction for impeachment purposes only; Appellant did not object to court's instructions and does not argue instructions were improper; no relief is due). Therefore, with respect to Appellant's first issue on appeal, we affirm on the basis of the trial court's opinion.

Regarding Appellant's second issue on appeal, we initially observe: "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other

_____

[5] Appellant's 2011 theft conviction constitutes a *crimen falsi* crime. **See Commonwealth v. Cascardo**, 981 A.2d 245 (Pa.Super. 2009), *appeal denied*, 608 Pa. 652, 12 A.3d 750 (2010) (stating term *crimen falsi* involves element of falsehood and includes everything which has tendency to injure administration of justice by introduction of falsehood and fraud; discussing theft by unlawful taking as crime of dishonesty, constituting *crimen falsi* offense).

meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Johnson***, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010). ***See also*** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued, followed by such discussion and citation of authorities as are deemed pertinent).

Instantly, Appellant's entire argument as to his second issue on appeal is as follows: "The [c]ourt permitted Ms. Duffy to testify as an expert witness over defense counsel's objection, reasoning that her qualifications were piggybacked by 42 Pa.C.S. § 5920. Appellant wishes to preserve this issue pending the Supreme Court's decision in ***Commonwealth v. Olivo***, 106 [Berks] 429 (August 27, 2013)." (Appellant's Brief at 15). Appellant's severely undeveloped claim purporting merely to preserve his issue for later review constitutes waiver of his claim (or abandonment of it) for purposes of this appeal. ***See Johnson, supra***.

Moreover, the court permitted Ms. Duffy's testimony pursuant to 42 Pa.C.S.A. § 5920, which provides:

> **§ 5920. Expert testimony in certain criminal proceedings**
>
> **(a) Scope.**—This section applies to all of the following:
>
> (1) A criminal proceeding for an offense for which registration is required under Subchapter H of Chapter 97 (relating to registration of sexual offenders).

(2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).

**(b) Qualifications and use of experts.**—

(1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamic of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.

(2) If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.

(3) The witness's opinion regarding the credibility of any other witness, including the victim shall not be admissible.

(4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S.A. § 5920 (internal footnote omitted). *See also Commonwealth v. Carter*, 111 A.3d 1221 (Pa.Super. 2015) (holding expert's testimony was "clearly admissible" under Section 5920, where expert testified it is common for child sexual abuse victims to delay reporting and explained some reasons why child sexual abuse victims might delay in reporting; expert did not testify regarding specific victim in case, render opinion on whether alleged sexual incidents actually occurred, or offer opinion regarding specific victim's

credibility). Additionally, "Section 5920 is really a rule regarding the admissibility of evidence, not a procedural rule. Furthermore, it is not in direct conflict with any existing rule of the Pennsylvania Supreme Court." *Id.* at 1224. Thus, Section 5920 does not violate the separation of powers doctrine. *Id.*

Instantly, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned trial court opinion, we conclude that even if Appellant had developed his second issue on appeal, it would still be waived for failure to preserve it before the trial court, and in any event, would merit no relief. The trial court's opinion comprehensively discusses and properly disposes of this question. (*See* Trial Court Opinion at 13-17) (finding: Section 5920 specifically governs scope of expert testimony permitted in sex abuse cases; Ms. Duffy testified only generally about her experience with children's responses in sexual assault cases; Ms. Duffy was not privy to facts of this particular case, and she did not testify regarding either specific victim in this case; Ms. Duffy's testimony regarding general child victim responses and behavior following sexual assault was admissible under Section 5920; Appellant's claim implicating *Olivo* (Berks County Court of Common Pleas case holding Section 5920 is unconstitutional because it violates separation of powers doctrine and rulemaking authority of Pennsylvania Supreme Court) is waived because Appellant raised this claim for first time in post-sentence motion and failed to cite to *Olivo* during or

before trial; moreover, **Olivo** relied on pre-Section 5920 case law; **Olivo** is currently pending before Pennsylvania Supreme Court; in **Carter**, this Court expressly held expert testimony is permissible under Section 5920, and Section 5920 does not violate separation of powers doctrine). Therefore, Appellant's second issue is waived (or abandoned) as undeveloped on appeal; moreover, even if Appellant had developed this claim, we would affirm based on the trial court's opinion.

In his third issue, Appellant argues the court ignored his rehabilitative needs in fashioning its sentence. Appellant asserts the court also failed to consider that Appellant was twenty-six years old at the time of sentencing, suffers from mental illness, was sexually and physically abused as a child, and sought mental health treatment as a juvenile. Appellant claims there was no evidence at trial of physical damage or injury to either child victim. Appellant contends the child victims are leading normal lives in school, riding the bus, and performing adequately in school. Appellant insists the court's sentence of sixty-seven (67) to one hundred and thirty-four (134) years' imprisonment amounts to a virtual life sentence. Appellant acknowledges that the court imposed standard range sentences, but he claims the cumulative effect of the sentences renders application of the guidelines clearly unreasonable. Appellant emphasizes the court imposed a sentence even harsher than the Commonwealth's recommendation. Appellant submits his aggregate sentence is essentially equivalent to a sentence for

first-degree murder. Appellant suggests courts should reserve imposing life sentences for only the most heinous and brutal crimes for depraved offenders who have repeatedly committed crimes. Appellant posits the registration requirements he faces as a SVP are essentially meaningless given his virtual life sentence. Appellant concludes the trial court imposed a manifestly excessive and clearly unreasonable sentence, and this Court must vacate and remand for resentencing. As presented, Appellant's claims challenge the discretionary aspects of sentencing. *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (explaining complaint that court ignored defendant's rehabilitative needs upon sentencing implicates court's sentencing discretion).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

What constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted).

Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (internal citation and quotation marks omitted). *See also Berry, supra* (explaining allegation that sentencing court failed to consider specific mitigating factor generally does not raise substantial question; claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Commonwealth v. Mouzon*, 571

Pa. 419, 430, 812 A.2d 617, 624 (2002). Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id.*

> "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011). *See Commonwealth v. Hoag*, [665 A.2d 1212, 1214 (Pa.Super. 1995)] (stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). In fact, this Court has recognized "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super. 2012) (*en banc*)[, *appeal denied*, 621 Pa. 677, 75 A.3d 1281 (2013)]. That is "in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in this case." *Prisk*[, *supra* at 533].

*Commonwealth v. Austin*, 66 A.3d 798, 809 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (some internal citations and quotation marks omitted) (holding appellant's challenge to aggregate

sentence of 35-70 years' imprisonment for appellant's 96 offenses of sexual abuse of children did not raise substantial question; appellant's convictions stemmed from appellant's possession of 96 images of child pornography, which depicted numerous different children, majority of whom were engaged in sex acts with adult men and women; appellant was also depicted in some images having sex with child; trial court did not impose consecutive sentences for every count; court imposed concurrent sentences for 49 of 96 counts; trial court's exercise of discretion in this case did not result in sentence that is grossly disparate to appellant's conduct or patently unreasonable).[6] **But see Commonwealth v. Dodge**, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009) (holding consecutive, standard range sentences on thirty-seven counts of theft-related offenses for aggregate sentence of 58½ to 124 years' imprisonment constituted virtual life sentence and was so manifestly excessive as to raise substantial question).

On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. **Commonwealth v. Fullin**, 892 A.2d

_____

[6] An earlier panel of this Court in **Austin** vacated and remanded for resentencing following the appellant's original sentence of 72-192 years' imprisonment, where the trial court had initially imposed consecutive periods of incarceration at the top end of the standard range for each of the appellant's 96 counts of possession of child pornography. Given the appellant's age of twenty-five (25) at sentencing, the prior panel of this Court concluded the sentence amounted to a virtual life sentence under the facts and circumstances of the case. **See id.** at 801.

843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Walls***, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007) (internal quotation marks and citations omitted). "Where the sentencing court imposes a sentence within the guideline range, we must review to determine whether the trial court's sentence is 'clearly unreasonable.'" ***Dodge, supra*** at 1200 (citing 42 Pa.C.S.A. § 9781(c)(2)).

Instantly, Appellant did not raise in his Rule 1925(b) statement his complaints that the court ignored his rehabilitative needs or failed to consider specific mitigating factors, so those claims are waived. ***See Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005) (holding issues not raised in Rule 1925(b) statement are waived on appeal).

Appellant's excessiveness claim that the court imposed a virtual life sentence appears on the surface to raise a substantial question. Nevertheless, we also recognize that the jury found Appellant guilty of fourteen (14) counts of sexual abuse against two young children, spanning a period of fifteen (15) months while Appellant was engaged in a relationship

with the victims' mother and acted in a parental role. Significantly, the court imposed standard range sentences for each conviction and did not impose consecutive sentences for every count. At the same time, Appellant was not entitled to a "volume discount" for his multiple offenses. *See Austin, supra*; *Hoag, supra*.

Additionally, the court set forth on the record, at great length, its reasons for the sentence imposed. (*See* N.T. Sentencing Hearing, 1/22/15, at 101-114; 121-22; R.R. at 381a-394a; 401a-402a) The court stated it considered Appellant's pre-sentence investigation ("PSI") report, which detailed Appellant's background, prior abuse as a child, mental health issues, and treatment history. *See Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (stating where sentencing court had benefit of PSI report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors). The court also reviewed an inmate adjustment summary rating Appellant's treatment while incarcerated. Further, the court considered the impact of Appellant's crimes on the victims, victim impact statements, letters from Appellant's family and friends, and Appellant's rehabilitative needs. As well, the court specifically weighed the factors delineated in 42 Pa.C.S.A. § 9721(b) (setting forth general sentencing standards). The court further considered Appellant's testimony at trial, denying his guilt, and his general lack of remorse for his crimes. The court

- 15 -

noted it found the victims' testimony at trial credible and commented on the fifteen-month span in which Appellant had abused the child victims. After imposing sentence, the court stated:

> Now, [Appellant], when one hears these numbers of years, and that's all one hears, [he] may say that's a long, long sentence. But, [Appellant], I want you, your family, your friends, and I want the victims and our community to understand that while the sentence is chronologically long, when you consider each act which you perpetrated on these very young children, when you look at the different interests and protections of the victims, when you look at each social wrong that needs to be addressed by each criminal act you committed, when you look at the horror, harm, and trauma you caused that each of these crimes address, and when you look at them separately, and when you factor in the ages of the victim[s], the fact that you were in a position of a parental figure who's responsible to look after and protect these young children, when you assaulted them—sexually assaulted them instead, that when you threatened them, that there was great victim impact; that after six years of placement and treatment, you never once sought help or counseling to address your sexual issues, but rather continued to pray upon and sexually assault these young children. When you put all this together, it's clear that this is an appropriate sentence to address what occurred and to protect society.

(N.T., 1/22/15, at 121-22; R.R. at 401a-402a). We accept the court's analysis and decline to deem the aggregate sentence imposed "clearly unreasonable" in light of the violent nature of the criminal conduct at issue. ***See Prisk, supra*** (holding appellant's challenge to discretionary aspects of sentence warranted no relief where court sentenced appellant to aggregate term of 633-1,500 years' imprisonment for 314 acts of sexual abuse of his stepdaughter on almost daily basis over course of six years; court did not

impose consecutive sentences for every count, and appellant was not entitled to volume discount for his offenses; appellant's aggregate sentence was not excessive in light of violent criminal conduct at issue). Therefore, Appellant's challenge to the discretionary aspects of his sentence merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

FILED IN MERCER COUNTY

2015 JUN 10 PM 2:19

KATHLEEN ...
CLERK AND REGISTER

6-11-15

2-DA
1-PD

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF
PENNSYLVANIA,

v.

CHRISTOPHER WALTON BLAKE,
Defendant.

No. 1506 Criminal 2013

## 1925 OPINION

Defendant Christopher Walton Blake has appealed to the Superior Court of

Pennsylvania this Court's March 31, 2015 Order denying Defendant's Post-Sentence

Motion. Defendant has raised five (5) issues in Defendant's Statement of Errors

Complained of on Appeal:

1. The Honorable Court erred in not granting Defendant's pre-trial Motion to Dismiss all charges in the criminal information after trial commenced more than 365 days after the criminal complaint was filed, in violation of Pa. R. Crim. P. 600(A)(2)(a).
2. The Honorable Court erred in permitting the Commonwealth to amend the criminal information on the eve of trial to add Rape and IDSI charges.
3. The Honorable Court erred in ruling that the Commonwealth would be permitted to offer Defendant's criminal conviction of March 30, 2011, Theft by Unlawful Taking, as a crime of falsity to



*54

impeach Defendant's credibility if Defendant chooses to testify at trial.

4. The Honorable Court erred in permitting the Commonwealth to introduce the testimony of Kimberly Duffy as an expert to testify regarding the response patterns of child victims in sexual assault cases.

5. The sentence imposed by the Honorable Court is manifestly unfair and excessive.

(Defendant's Statement of Errors Complained of on Appeal, ¶¶ 1 – 5).

## Background

On September 17, 2014, a jury found Defendant guilty of two (2) counts of each of the following: Rape of a Child, Involuntary Deviate Sexual Intercourse with a child, Aggravated Indecent Assault of a child, Unlawful Contact with a Minor - Sexual offenses, Unlawful Contact with a Minor - Obscene and other explicit sexual materials, Corruption of a Minor, and Indecent Assault. The basis of these charges is that from approximately June 2008 to October 2009, Defendant performed numerous sexual acts on two minor children who were under his care at the time. These acts included the Defendant penetrating the child victims' genitals and anuses (both with his penis and digitally), the Defendant performing oral sex on the children, the Defendant forcing the children to perform oral sex on the Defendant, and the Defendant showing the children sexually explicit materials. The two children were approximately 5 and 6 years old during this period.

Prior to sentencing, this Court ordered the Sexual Offender's Assessment Board ("SOAB") to conduct an assessment to determine if the Defendant could be sentenced as a Sexually Violent Predator ("SVP"). At the SVP hearing, this Court found that the Commonwealth met its burden of proving the Defendant a SVP by clear and convincing

2

evidence. The Court sentenced the Defendant to a total of 67 to 134 years of incarceration the same day. The Court sentenced the Defendant within the standard range for each offense and ran consecutively the two sentences each of Rape of a Child, Involuntary Deviate Sexual Intercourse, and Aggravated Indecent Assault of a child.[1]

Before and during trial, this Court denied several of Defendant's motions that formed the basis of his Post-Sentence Motion. The first was a motion to dismiss all charges, arguing that the Commonwealth violated Pa.R.Crim.P. 600 by failing to initiate Defendant's trial within 365 days of the criminal complaint being filed. In this case, the Commonwealth filed the criminal complaint on August 08, 2013, and trial began on September 15, 2014, or some 403 days later. However, during a hearing on September 12, 2014, the Honorable Judge St. John found that there was a 47-day period (from August 29, 2013 to October 15, 2013) excludable from the time limit, meaning the trial began 356 days from the filing of the criminal complaint as calculated under Rule 600. The testimony from that hearing established that Defendant, through his counsel at the time, consented to the continuance on August 29, 2013. Further, Defendant's counsel waived Rule 600 at that time. Accordingly, Judge St. John entered an Order denying Defendant's Motion to Dismiss all of the charges.

Next, on September 12, 2014 (the eve of trial), this Court overruled Defendant's objection to the Commonwealth amending its criminal information by adding two (2) counts each of Rape of a Child and Involuntary Deviate Sexual Intercourse. The information was originally filed on December 16, 2013, and contained six (6) counts of Aggravated Indecent Assault and two (2) counts of Aggravated Indecent Assault of a

---

[1] The sentences for the remaining offenses were also within the standard guidelines and ran concurrently to the other sentences imposed.

3

child.[2] In the Aggravated Indecent Assault charges listed in the original information, the Commonwealth averred facts that the Defendant placed his penis in the mouth and/or anus of each child, that he penetrated the genitals or anus of each child, and that this was not done for good faith medical, hygienic, or law enforcement purposes. This Court found that the new charges added to the information arose from the same set of events already plead in the information, and that the Defendant was effectively on notice of the Rape of a child and IDSI charges that could be brought against him. Further, the Defendant received ample time to discuss the amendment with counsel and Defendant informed the Court that he was ready to proceed with the trial, without need of a continuance. Therefore, this Court permitted the Commonwealth leave to amend the information.

Next, at the initiation of trial, the Court overruled Defendant's objection to permitting the Commonwealth to provide evidence of Defendant's 2011 Theft by Unlawful Taking conviction should Defendant testify at trial. The Court overruled the objection because it found that the conviction was *per se* admissible under Pa.R.E. 609(a) because it was *crimen falsi* and was less than 10 years old. Further, the Court took care to instruct the jury in this case to consider the conviction solely for impeachment purposes.

Finally, during the trial, this Court permitted the Commonwealth to introduce expert testimony from Kimberly Duffy, a Program Development Specialist within the Department of Social Work at the University of Pittsburgh.[3] After a brief hearing regarding Ms. Duffy's qualifications, training, education, and experience, the Court

---

[2] Two of the counts of Aggravated Indecent Assault were in violation of 18 Pa.C.S. § 3125(a)(1), two were in violation of 18 Pa.C.S. § 3125(a)(7), and two were in violation of 18 Pa.C.S. § 3125(a)(8).
[3] Ms. Duffy also testified that she has over 17 years of experience in the Child Welfare System, including working with the Adams County and York County Children's Advocacy Centers.

4

found that she was an expert with respect to behavioral response patterns of child victims in sexual assault cases. In so finding, the Court ruled that this testimony involved an area that would be beyond the normal understanding of the general public, especially because the General Assembly has specifically permitted this type of expert testimony. The Court also found that a *Frye* hearing was not necessary in this case because the General Assembly has said that this type of testimony is proper and because the testimony given is not "novel" science. Finally, in an abundance of caution, the Court did hold a brief *Frye* hearing and determined that the methodology used by Ms. Duffy is generally accepted by practitioners in the relevant field.

Ms. Duffy was not provided any background information on the case, and she was instructed to testify only as to her general experience with child responses (including reasons why children may delay in reporting) in sexual assault cases. Counsel for the Defendant took part in the questioning of Ms. Duffy's credentials.

### Discussion

Defendant Christopher Blake raises five points of error in his Statement of Errors Complained of on Appeal. For the reasons discussed below, the Superior Court should reject Defendant's arguments and affirm this Court's Order denying Defendant Post-Sentence Motion.

### A. There was no violation of Pa.R.Crim.P. 600(A)(2)(a)

Defendant's first issue raised claims that the Court erred in not dismissing all charges against the Defendant because the Defendant was brought to trial more than 365 days after the filing of the criminal complaint, in violation of Pa.R.Crim.P. 600(A)(2)(a). In his Order denying Defendant's motion to dismiss, the Honorable Judge St. John determined

5

that the period from August 29, 2013 to October 15, 2013 (the date of the preliminary hearing in this matter) constituted 47 days that are excludable under Pa.R.Crim.P. 600(C)(1) from the 365-day limit. The Defendant argues that at least twelve (12) days of the 47-day period is attributable to the Commonwealth's lack of due diligence, and therefore should not be excludable under the rule. Defendant argues that if these twelve (12) days are in fact attributable to the Commonwealth, then the Commonwealth has violated Rule 600.

Judge St. John entered his Order regarding the Rule 600 motion after a hearing. The testimony from that hearing established that Defendant, through his counsel at the time, consented to a continuance on August 29, 2013. Further, Defendant's counsel waived Rule 600 at that time. This continuance cannot be held against the Commonwealth. However, Defendant reasserts his argument that there are stretches of time within the 47-day period that are either court delay or delay caused by the lack of due diligence by the Commonwealth. Examples cited include the Commonwealth's lack of due diligence in not acting to reschedule the Preliminary Hearing and its lack of due diligence by delaying in the filing of its motion under 42 Pa.C.S.A. § 5981, *et seq.* Defendant does not argue exactly how any of these periods involved the Commonwealth's lack of due diligence; Defendant merely asserts that they are so. These same arguments were heard and rejected by the Judge St. John during the Rule 600 hearing. This Court agrees with Judge St. John that any time of the 47-day period should not be excluded for purposes of Rule 600.

Therefore, Defendant is not entitled to relief on this claim.

6

**B.      It was not improper to permit the Commonwealth to amend the criminal information to add Rape of a Child and IDSI charges**

Defendant next argues that the Court erred in allowing the Commonwealth to amend the criminal information on September 12, 2014, the eve of trial. Specifically, Defendant argues that he was prejudiced by the addition of the two Rape and IDSI charges, which would drastically increase Defendant's minimum and maximum sentences, if convicted. Further, Defendant argues that he was not on notice of the added Rape and IDSI charges and that these contained new elements for which a defense was not prepared.

Concerning amendment of the criminal information, the Superior Court has stated:

> Rule of Criminal Procedure 564 governs the amendment of a criminal information. The purpose of this rule is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." When a challenge is raised to an amended information, the salient inquiry is [w]hether the crimes specified in the original ... information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended ... information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Com. v. Samuel*, 102 A.3d 1001, 1008-09 (Pa. Super. 2014) (internal citations omitted). Further, "relief is warranted only when the amendment to the information prejudices a defendant." *Com. v. Page*, 965 A.2d 1212, 1224 (Pa. Super. 2009). Factors to be considered when determining whether Appellant was prejudiced by the Commonwealth's

7

amendment include "whether the amendment changes the factual scenario; whether new facts, previously unknown to appellant, were added; whether the description of the charges changed; whether the amendment necessitated a change in defense strategy; and whether the timing of the request for the amendment allowed for ample notice and preparation by appellant." *Id.*

The original information in this case contained six (6) counts of Aggravated Indecent Assault and two (2) counts of Aggravated Indecent Assault of a child. In the Aggravated Indecent Assault charges listed in the original information, the Commonwealth averred facts that the Defendant placed his penis in the mouth and/or anus of each child, that he penetrated the genitals or anus of each child, and that this was not done for good faith medical, hygienic, or law enforcement purposes. To prove Rape of a Child, 18 Pa.C.S. § 3121(c), the Commonwealth must prove that Defendant "engage[d] in sexual intercourse with a complainant who is less than 13 years of age." To prove IDSI, 18 Pa.C.S. § 3123(b), the Commonwealth must prove that Defendant "engage[d] in deviate sexual intercourse with a complainant who is less than 13 years of age." "Deviate sexual intercourse" is defined as sexual intercourse "per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S. § 3103.

Here, Defendant was clearly put on notice by the original information of the factual situation and potential Rape and IDSI charges that could be brought against him. Both Rape of a Child and the IDSI charges require intercourse with victims who are

8

under 13 years of age, and IDSI is also met when there is intercourse per anus. As stated above, the Commonwealth alleged all of these facts in the Aggravated Indecent Assault charges within the original information. Therefore, the Commonwealth pled all of the facts sufficient to implement Rape of a Child and IDSI charges.

Further, Defendant's defense was not nullified or affected by the amendment of the charges. Defendant's defense at trial was to deny completely any inappropriate contact with the victims, and to discredit the testimony of the victims through any inconsistencies. This defense did not become any less effective with the addition of the Rape of a Child and IDSI charges. The defense was in no way tailored towards distinguishing Aggravated Indecent Assault versus Rape of a Child or IDSI; this defense would not have been effective because of the facts pled by the Commonwealth in the original information.

Similarly, Defendant was not prejudiced by the timing of the amending of the information. Even though the information was amended immediately prior to trial, this Court gave Defendant ample time to speak with his counsel regarding the new charges and potential sentence. Additionally, the Court informed Defendant, through his counsel, that the Court would do its best to accommodate Defendant if he needed additional time to discuss defense strategies. Defendant never moved for a continuance, and after speaking with his counsel for approximately one-half hour, informed the Court that he was ready to proceed with trial.

In his memorandum of law supporting his Post-Sentence Motion, Defendant cited several cases where the appellate courts found that amendment of charges was improper; however, these cases are distinguishable. In *Com. v. Brown*, 727 A.2d 541, 545 (Pa.

9

1999), the Pennsylvania Supreme Court held that it was error for the trial court to allow the Commonwealth to amend the criminal information immediately prior to commencement of trial to include charges of Rape and IDSI with an unconscious person, when original information only included charges of Rape and IDSI by forcible compulsion. Considering then Pa.R.Crim.P. 229 (now Pa.R.Crim.P. 564), the Supreme Court determined that the amendment prejudiced the defendant primarily because it rendered null the primary defense prepared against the original charges. *Id.* at 544. As discussed above, that did not happen in this case.

In *Com. v. Gray*, 478 A.2d 822, 825 (Pa. Super. 1984), the Superior Court held that the trial court improperly permitted the information, charging defendant with criminal trespass, to be amended at the close of Commonwealth's case. The Court ruled so because the defendant lacked notice of prosecutor's intent to prosecute him for forcible entry rather than surreptitious or deceptive entry, and the amendment raised the grade of the crime from third to second-degree felony, subjecting the defendant to a more severe penalty. *Id.* In so ruling, the Superior Court emphasized the timeliness of the amendment (distinguishing it from cases where information was amended at beginning of trial) and the fact that the elements materially changed. *Id.*

Again, *Gray* is distinguishable from this case because the Commonwealth's motion to amend the information was made *before* trial began, and further, the original information already pled all of the facts sufficient to bring charges of Rape of a Child and IDSI against the Defendant.

Although the new charges here did threaten the Defendant with a longer sentence, Defendant was not prejudiced by the amendment because he was put on notice of the

10

factual situation pled against him and his available defenses were not diminished or affected. The Superior Court has never held that threat of a longer sentence, by itself, amounts to prejudice to the defendant for purposes of amendment to the information. On the contrary, the Superior Court has emphasized that prejudice to the defendant requires factors such as an amendment that would change or nullify a defense, an amendment that affords the defendant no time to prepare a new defense, and whether new facts were plead in the amendment. See *Com. v. Page*, 965 A.2d 1212, 1224 (Pa. Super. 2009). None of these factors applicable here.

Therefore, Defendant is not entitled to relief upon this claim.

### C. This Court did not err in permitting testimony of Defendant's *crimen falsi* theft conviction

Defendant next argues that this Court erred in granting the Commonwealth permission to introduce evidence of Defendant's 2011 Theft by Unlawful Taking conviction to impeach his credibility, should he testify at trial. Specifically, Defendant argues that the Court admitted the *crimen falsi* conviction merely because Pa.R.E. 609(a) authorizes its admission without any reasoned determination or balancing, as required by Pa.R.E. 403. In his Post-Sentence Motion, Defendant also cited two cases[4] standing for the proposition that there is no *per se* rule of admissibility of a defendant's prior *crimen falsi* conviction. Finally, Defendant argues that the Commonwealth offered no reason or justification for offering the conviction other than the fact that the conviction was for *crimen falsi* and was less than 10 years old.

---

[4] These cases are *Com. v. Bighum*, 307 A.2d 255 (Pa. 1973) and *Com. v. Roots*, 393 A.2d 364 (Pa. 1978), which are briefly addressed below.

11

The admissibility of evidence is within the sound discretion of the trial court, and will not be reversed absent an abuse of discretion. *Com. v. Hoover*, 107 A.3d 723, 729 (Pa. 2014). Abuse of discretion is not found merely when an appellate court might have reached a different conclusion; instead, abuse of discretion requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. *Id.* In relevant part, Pa.R.E. 609 states "(a) In General. For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, must be admitted if it involved dishonesty or false statement." Finally, the Superior Court has stated "[w]here the date of conviction or last date of confinement is within ten years of the trial, evidence of the conviction of a *crimen falsi* is per se admissible." *Com. v. Trippet*, 932 A.2d 188, 199 (Pa. Super. 2007). The *Trippet* Court held that, regarding a *crimen falsi* conviction that is less than ten years old, the Court need not discuss potential prejudice to the defendant before admitting it. *Id.* at 200.

Here, there is no dispute that Defendant's prior conviction of Theft by Unlawful Taking is less than 10 years old. As per *Trippet* and Rule 609, Defendant's conviction was *per se* admissible. The Court was not required to perform any balancing test in considering the admission of the conviction. Defendant's reliance upon both *Bighum* and *Roots* is misplaced, as neither case represents the current law regarding the introduction of *crimen falsi* convictions that are less than 10 years old in the Commonwealth. While Defendant correctly states that convictions for *crimen falsi* are not to be automatically

12

admitted if the conviction is more than 10 years old,[5] the same is not true for convictions that are less than 10 years old.

Additionally, the Court here made sure to instruct the jury to properly consider the conviction for impeachment purposes only. Defendant never objected to these instructions, and he does not argue that they were in any way improper. Therefore, Defendant is not entitled to relief upon this claim.

### D. The Commonwealth was permitted to use Kimberly Duffy as an expert witness

Defendant next argues that the Court erred in permitting Kimberly Duffy to testify as an expert regarding typical behavior patterns of children in sexual assault cases. Defendant argues that this is impermissible because it infringes on the Defendant's right to have the credibility of witnesses determined by the jury without expert testimony influence. Defendant also relies on *Com. v. Olivo*, 106 Berks 429 (Aug. 27, 2013), to argue that 42 Pa.C.S. § 5920, which permits such expert testimony, is unconstitutional as a violation of the separation of powers. Finally, Defendant argues that the testimony was inadmissible because the Commonwealth did not establish that Ms. Duffy's methodology was generally accepted in the relevant scientific fields of behavioral science, as required by *Frye*.

The testimony given by Ms. Duffy is governed by 42 Pa.C.S. § 5920, which states:

> **(a) Scope.--**This section applies to all of the following:

---

[5] "If more than ten years have elapsed, the evidence may be used only after written notice and the trial judge's determination that its probative value substantially outweighs its prejudicial effect." Pa.R.E. 609, Comment; see also *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326, 1328–29 (1987). *Randall* ultimately adopted the balancing approach that Defendant relies upon for *crimen falsi* convictions that are more than 10 years old. As stated above, the *Randall* balancing factors do not apply to *crimen falsi* convictions that are less than 10 years old. *Com. v. Trippet*, 932 A.2d 188, 199-200 (Pa. Super. 2007).

(1) A criminal proceeding for an offense for which registration is required under Subchapter H of Chapter 97 (relating to registration of sexual offenders).
(2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).

**(b) Qualifications and use of experts.—**

(1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.
(2) *If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.*
(3) The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.
(4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

(Emphasis added). This statute explicitly gives the Commonwealth the right to introduce expert testimony regarding victim response and behaviors after sexual assault.

Regarding Defendant's *Frye* argument, a hearing is necessary when "a trial judge has articulable grounds to believe that an expert has not applied accepted scientific methodology in a conventional fashion in reaching his or her conclusions." *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 53 (Pa. 2012). Further, this Court notes that scientific or technical evidence that has been approved by statute is not subject to the "general acceptance" test. See *Com. v. Dengler*, 890 A.2d 372, 383 (Pa. 2005) (holding that expert

14

testimony regarding Sexually Violent Predator status does not require a *Frye* hearing because the factors to be considered have been specifically enumerated by the General Assembly). In enacting 42 Pa.C.S. § 5920, the Pennsylvania General Assembly specifically authorized the use of expert testimony regarding victim responses in sexual assault cases. Therefore, this Court was not required to hold a *Frye* hearing regarding Ms. Duffy's testimony.[6]

Defendant next relies on the *Com. v. Olivo*, 106 Berks 429 (Aug. 27, 2013), a case from the Court of Common Pleas of Berks County, where the trial court held that 42 Pa.C.S. § 5920 is unconstitutional because it violates the Separation of Powers Doctrine and the rulemaking authority of the Pennsylvania Supreme Court.[7] The trial court in *Olivo* relied on *Com. v. Dunkel*, 602 A.2d 830 (Pa. 1992), a pre-Section 5920 case that held testimony very similar to that offered here was impermissible. The *Dunkel* Court ruled that the testimony was impermissible because it attempted to explain "Child Sexual Abuse Syndrome," it did not meet general acceptance within the field, and it did not entail knowledge beyond what the layperson possesses. *Dunkel*, 602 A.2d at 177, 181.

---

[6] Prior to trial, the Court found that Ms. Duffy was an expert with regard to the response of children in sexual assault cases. In so finding, the Court ruled that this testimony involves an area that would be beyond the normal understanding of the general public, especially because the General Assembly has specifically permitted this type of expert testimony. The Court also found that a *Frye* hearing was not necessary in this case because the General Assembly has said that this type of testimony is proper and because the testimony given is not "novel" science. In an abundance of caution, the Court did, in fact, hold a brief *Frye* hearing immediately before the beginning of trial. The Court determined that the methodology used by the expert is generally accepted by practitioners in the relevant field.

[7] Defendant challenged the constitutionality of 42 Pa.C.S. § 5920 on the basis of separation of powers for the first time in his post-sentence motion. Defendant failed to raise this argument or to cite to *Olivo* during or before trial. Therefore, this argument is waived. See Pa.R.C.P. 227.1(b). See also *Com. v. Gordon*, 528 A.2d 631, 638 (Pa. Super. 1987) (holding that defendant's argument regarding suppression of evidence waived when presented for the first time in post-trial motions). This Court believes that waiver applies even if the Defendant is challenging the constitutionality of a statute. See *Com. v. Howe*, 842 A.2d 436, 441 (Pa. Super 2004) ("Constitutional issues, even sentencing issues based upon the constitution, are waived if not properly raised in the trial court") (internal citation omitted). Nonetheless, the Court addresses the merits of Defendant's argument in the event that waiver is not found.

After the trial court reached its decision in *Olivo*, the Commonwealth appealed; the case is currently in front of the Pennsylvania Supreme Court.[8]

Despite the fact that *Olivo* is currently before the Pennsylvania Supreme Court, the Superior Court has recently ruled directly on this issue in *Com. v. Carter*, 111 A.3d 1221 (Pa. Super. 2015). There, the Commonwealth called Carol Haupt as an expert to testify "that it is common for child sexual abuse victims to delay in reporting." *Id.* at 1223. Ms. Haupt also "expounded upon some of the reasons why a child sexual abuse victim may delay in reporting." *Id.* However, she did not testify regarding the particular victim in the case or whether the alleged incidents actually occurred. *Id.* Ms. Haupt did not offer any opinion regarding the victim's credibility. *Id.* The Superior Court held that this was a permissible use of 42 Pa.C.S. § 5920.

Ms. Duffy's testimony in this case was identical to the expert testimony introduced in *Carter*. As stated above, Ms. Duffy testified only generally as to her experience with children's responses in sexual assault cases. She was not privy to any of the facts in this particular matter, and she did not testify as to either of the child victims particularly. Since there is no material distinction in the testimony between this case and *Carter*, the testimony was clearly permissible.

With respect to Defendant's separation of powers argument, the *Carter* Court held that "Section 5920 is really a rule regarding the admissibility of evidence, not a procedural rule. Furthermore, it is not in direct conflict with any existing rule of the Pennsylvania Supreme Court." *Carter*, 111 A.3d at 1224. Relying on other precedent, the

---

[8] Upon appeal, the case first went to the Pennsylvania Superior Court. The Superior Court did not decide this case, but rather the court's Prothonotary transferred it to the Supreme Court pursuant to Pa.R.A.P. 751 on October 21, 2014.

16

Court held that the statute is constitutional. *Id.* In doing so, the Court distinguished its case from that of *Dunkle* by stating that "*Dunkle* predates Section 5920 and was not based on constitutional grounds but on existing case law and rules of evidence. As such, we determine that Section 5920 does not violate separation of powers." *Id.*

This new binding precedent clearly permitted the Commonwealth to introduce the testimony of Kimberly Duffy as an expert witness. Further, Defendant is incorrect in arguing that 42 Pa.C.S. § 5920 is unconstitutional. Therefore, Defendant is not entitled to relief on this claim.

**E.    Defendant's sentence is not manifestly unfair or excessive**

Defendant finally argues that the aggregate sentence of 67 to 134 years of imprisonment is manifestly unfair and excessive.

In reviewing a challenge to the discretionary aspects of sentencing, the Superior Court "evaluate[s] the court's decision under an abuse of discretion standard." *Com. v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013). Additionally, "[the Superior] Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Com. v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Section 9781(c) reads:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

17

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

Finally, the Pennsylvania Supreme Court has held that standard range consecutive sentences are not clearly unreasonable where the trial court relies on the defendant's prior history and a finding that he was a high risk to re-offend. See *Com. v. Klueber*, 904 A.2d 911 (Pa. 2006).

Here, Defendant was found guilty of 14 charges that were perpetuated against two minor victims. The Court sentenced the Defendant within the standard guidelines for all of the charges and chose to run consecutively the two sentences each of Rape of a Child, Involuntary Deviate Sexual Intercourse, and Aggravated Indecent Assault of a child. Collectively, this resulted in a sentence of 67 to 134 years of incarceration. In imposing this sentence, the Court considered all of the relevant factors, including the Defendant's prior criminal history, the safety of the community, and the Defendant's high likelihood of offending again. Under the circumstances, application of the standard guidelines was not clearly unreasonable and this Court did not abuse its judicial discretion.

For the above reasons, Defendant is not entitled to relief upon this claim.

18

Accordingly, the Superior Court should reject Defendant Christopher Blake's appeal and uphold this Court's Order denying Defendant's Post-Sentence Motion.

BY THE COURT,

_____, J.

Robert G. Yeatts, Judge